1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

10

| | |
|---|---|
| LYNX SYSTEM DEVELOPERS, INC. and ISOLYNX, LLC, | No.   2:17-mc-00076 RSL |
| Plaintiffs, | Pending in District of Massachusetts Case No. 1:15-cv-12297 |
| v. | DEFENDANTS ZEBRA ENTERPRISE CORPORATION, ZEBRA TECHNOLOGIES CORPORATION, AND ZIH CORP.'S MOTION TO QUASH PLAINTIFFS' SUBPOENA TO THE UNIVERSITY OF WASHINGTON OR TRANSFER TO THE DISTRICT OF MASSACHUSETTS |
| ZEBRA ENTERPRISE SOLUTIONS CORPORATION, ZEBRA TECHNOLOGIES CORPORATION, and ZIH CORP., | |
| Defendants. | NOTE ON MOTION CALENDAR: August 4, 2017 |

MOTION TO QUASH SUBPOENA
OR TRANSFER TO DISTRICT OF MASSACHUSETTS

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1      Pursuant to Federal Rule of 45, Defendants Zebra Enterprise Solutions Corporation,

2  Zebra Technologies Corporation, and ZIH Corp. (collectively, "Defendants" or "Zebra")

3  respectfully move for an order quashing Plaintiffs Lynx System Developers, Inc. and IsoLynx,

4  LLC's (collectively, "Plaintiffs") subpoena to the University of Washington ("the University") to

5  the extent the subpoena seeks Zebra's confidential technical information subject to pending

6  motions before the court in the District of Massachusetts ("Massachusetts Court"), as set forth

7  herein and in the accompanying Memorandum.  *See Lynx System Developers, Inc., et al. v. Zebra*

8  *Enterprise Solutions Corp., et al.*, Case No. 1:15-cv-12297-GAO (D. Mass.) (the "Massachusetts

9  Action"), Dkt. Nos. 103 and 110.

10      The Massachusetts Court is considering the parties' dispute concerning the sufficiency of

11  Plaintiffs' trade secret disclosure and whether Plaintiffs are entitled to discovery of Zebra's

12  confidential technical information in light of that dispute.  *Id.*  Thus, as an alternative to quashing

13  the subpoena, Zebra also respectfully requests that this Court transfer this Motion pursuant to

14  Federal Rule of Civil Procedure 45(f) to the Massachusetts Court, where the Honorable Judge

15  George O'Toole is presiding over the disputes between the parties.

16  **I.**    **INTRODUCTION**

17      Defendants Zebra Enterprise Solutions Corporation, Zebra Technologies Corporation,

18  and ZIH Corp. (collectively, "Defendants" or "Zebra") respectfully move the Court to quash a

19  subpoena issued to the University of Washington ("the University") by Plaintiffs Lynx System

20  Developers, Inc. and IsoLynx, LLC (collectively, "Plaintiffs") to the extent the subpoena seeks

21  Zebra's confidential technical information, which is subject to the pending motions in the above-

22  captioned matter before the United States District Court for the District of Massachusetts

23  ("Massachusetts Court") by way of third-party discovery before that court resolves the parties'

24  dispute concerning the sufficiency of Plaintiffs' trade secret disclosure.

25      Currently pending before the Massachusetts Court are motions that concern the

26  sufficiency of Plaintiffs' alleged trade secret disclosure and Zebra's objection to Plaintiffs

MOTION TO QUASH SUBPOENA
OR TRANSFER TO DISTRICT OF MASSACHUSETTS - 1

1   accessing Zebra's confidential technical information before the trade secret disclosure dispute is

2   resolved.  *See* Massachusetts Action, Dkt. Nos. 103, 110.  Although the Massachusetts Court has

3   not yet ruled on those motions, it engaged in a specific process involving tutorials and multiple

4   briefings to address the issue.  *See, e.g.*, Massachusetts Action, Dkt. No. 93.  And while

5   Plaintiffs' briefings submitted in connection with that process requested permission to obtain

6   Zebra's confidential technical information, that request has not yet been granted.  Accordingly,

7   both sides have acknowledged that Plaintiffs' discovery of Zebra's confidential technical

8   information has been stayed.  Indeed, Plaintiffs have, on that basis, withheld their own technical

9   information from discovery as well.

10      Plaintiffs now reverse course, attempting an end-run around the Massachusetts Court's

11   determination of these issues by subpoenaing third parties around the country who are in

12   possession of certain Zebra confidential technical information (for example, Zebra's customers,

13   pursuant to non-disclosure agreements).  Specifically, Plaintiffs recently issued third-party

14   subpoenas seeking, among other things, Zebra's confidential technical information—the same

15   information that is the subject of the motions currently pending before the Massachusetts Court.

16   Critically, Plaintiffs refuse to extend the compliance dates for those subpoenas to allow the

17   Massachusetts Court to decide whether Plaintiffs have sufficiently identified their trade secrets,

18   such that they should receive Zebra's confidential technical information.  Nor will Plaintiffs

19   agree to processes proposed by Zebra and the third parties to allow Plaintiffs to discover

20   everything else (except for confidential technical materials) until this dispute is decided.

21      Unless Plaintiffs are stopped from continuing to obtain Zebra's confidential technical

22   information through third party subpoenas, the process before the Massachusetts Court will be

23   undermined and Zebra will be severely prejudiced.  In fact, Zebra has already been severely

24   prejudiced due to Plaintiffs' actions: Plaintiffs already obtained Zebra's confidential technical

25   information from at least one third-party despite Plaintiffs' unresolved request before the

26   Massachusetts Court and Zebra's express requests that Plaintiffs refrain from such activity until

MOTION TO QUASH SUBPOENA
OR TRANSFER TO DISTRICT OF MASSACHUSETTS - 2

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

1    that court has ruled.  This is irreparably harmful to Zebra for numerous reasons, including that it

2    unfairly permits Plaintiffs to recast their alleged trade secrets to specifically cover Zebra's

3    technologies, thereby obscuring Zebra's independent creation and development of those

4    technologies.  *See, e.g.*, *Perlan Therapeutics, Inc. v. Super. Ct.*, 178 Cal. App. 4th 1333, 1345

5    (2009); *Alnylam Pharms., Inc. v. Dicerna Pharms., Inc.*, No. MICV 20154126, 2016 WL

6    4063565, *1–2 (Mass. Super. Ct. Apr. 16, 2016).  Indeed, Plaintiffs' intent appears to be, at least

7    in part, to render moot the present trade secret motions before the Massachusetts Court by

8    engaging in 'self-help' behavior and obtaining Defendants' technical information directly from

9    third parties.

10         Plaintiffs have no excuse for unilaterally overriding the Massachusetts Court's process

11    for deciding this issue; to the contrary, Plaintiffs continue to demand that third parties produce

12    *all* responsive documents—including Zebra's confidential technical information—immediately.

13    And while Plaintiffs tell the third parties that Zebra's assertions about the trade secret

14    identification dispute are false, that is an issue before the Massachusetts Court, for the

15    Massachusetts Court to decide—not Plaintiffs.

16         An order quashing Plaintiffs' subpoena is necessary to prevent further circumvention of

17    the Massachusetts Court's authority over the pending dispute and prejudice to Zebra.  Zebra does

18    not wish to unduly delay confidential technical discovery in this case, and stands by to assist the

19    Massachusetts Court in addressing the pending motions expeditiously.  But Plaintiffs may not

20    simply disregard the Massachusetts Court's process for resolving this issue, especially

21    considering that Plaintiffs requested permission from the Massachusetts Court to proceed with

22    the discovery at issue in the first place.  Indeed, now, instead of this issue being efficiently

23    presented to the Massachusetts Court, Defendants have been forced to file separate motions to

24    quash in the other courts, including this one, where compliance is required.  *See* Fed. R. Civ. P.

25    45(d)(3).  Accordingly, Zebra respectfully requests that the Court quash Plaintiffs' subpoena to

26

MOTION TO QUASH SUBPOENA
OR TRANSFER TO DISTRICT OF MASSACHUSETTS - 3

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

1   the extent the subpoena seeks Zebra's confidential technical information before the parties'

2   pending motions are resolved in the Massachusetts Court.

3   **II.    BACKGROUND**

4          The current issue arises from the parties' pending dispute in the Massachusetts Action

5   over the sufficiency of Plaintiffs' trade secret disclosure, and over whether Plaintiffs should be

6   permitted to access Zebra's confidential technical information before that dispute is resolved.

7   Plaintiffs contend that their list of nearly 200 alleged "trade secrets" is a sufficient disclosure.

8   By contrast, Zebra contends that Plaintiffs' trade secret disclosure is insufficient based on, at

9   least, their failure to identify processes, algorithms, and other technical details with sufficient

10  particularity to distinguish the alleged trade secrets from what was generally known.

11         To address these issues, the Massachusetts Court engaged in a specific process to

12  understand the technologies at issue and address whether Plaintiffs has disclosed their alleged

13  trade secrets sufficiently such that discovery should proceed.  *See, e.g.*, Massachusetts Action,

14  Dkt. No. 93.  After providing *ex parte* technical tutorials to the Massachusetts Court, Plaintiffs

15  and Zebra filed cross-motions to compel that are currently pending before the Massachusetts

16  Court.  *See* Massachusetts Action, Dkt. Nos. 103 & 110.  In one of those motions, Zebra moved

17  to compel Plaintiffs' disclosure of their alleged trade secrets with particularity.  *See*

18  Massachusetts Action, Dkt. No. 110.  In the other, Plaintiffs requested that Zebra be compelled

19  to produce their confidential technical information before any further specificity is provided.  *See*

20  Massachusetts Action, Dkt. No. 103.  The cross-motions to compel were fully briefed and heard

21  before the Massachusetts Court.  *See* Massachusetts Action, Dkt. No. 131.  Those motions have

22  not yet been ruled on, and Plaintiffs' request to obtain Zebra's confidential technical materials

23  has not otherwise been granted.

24

25

26

MOTION TO QUASH SUBPOENA
OR TRANSFER TO DISTRICT OF MASSACHUSETTS - 4

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1
  **A.  Plaintiffs Acknowledged a Stay of Discovery of Confidential Technical Information in the Massachusetts Action**

2

3    With the trade secret disclosure issue pending before the Massachusetts Court, Plaintiffs

4 repeatedly acknowledged that discovery of confidential technical information was stayed.

5 Indeed, Plaintiffs noted to Zebra and the Massachusetts Court in connection with a separate

6 motion to compel that such discovery had been stayed as a result of the pending motions: "The

7 information that is the subject of Plaintiffs' Motion is not technical and, therefore, Defendants

8 have no basis to withhold it on the basis of the parties' pending motions regarding the trade

9 secret disclosure dispute." Dkt. No. 143 at 5. Similarly, Plaintiffs took the position that they

10 were not obligated to produce their own technical materials pending the dispute surrounding the

11 sufficiency of their trade secret disclosure.

12
  **B.  Plaintiffs Issued Third-Party Discovery to Perform End Run Around the Trade Secret Disclosure Requirement in the Massachusetts Action**

13

14    Since then, however, Plaintiffs have changed course and attempted to obtain the

15 confidential technical discovery at issue in the parties' pending motion through third-party

16 subpoenas. Plaintiffs served subpoenas seeking production of documents from numerous third

17 parties, including the University of Washington, the Ohio State University, and the University of

18 Tennessee (collectively, the "Universities"), as well as the National Hockey League Enterprises,

19 Inc. ("NHL") on on June 5, 2017. *See* Exs. 1–4 (third party subpoenas). These subpoenas

20 expressly seek disclosure of Zebra's confidential technical information. *See, e.g.*, Ex. 1 (Univ. of

21 Washington Subpoena) at 14 ("Documents sufficient to show the ***components, installation,***

22 ***testing, calibration, operation, and use*** of player tracking systems and/or services provided by

23 Zebra to You.") (emphasis added). Zebra's confidential technical information is protected by

24 confidentiality agreements between the Universities and Zebra.

25

26

MOTION TO QUASH SUBPOENA
OR TRANSFER TO DISTRICT OF MASSACHUSETTS - 5

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1    **C.      Zebra Attempted to Cooperatively Resolve this Dispute**

2         Zebra raised its concerns regarding this issue shortly after Plaintiffs issued the first of

3    these subpoenas, securing initial extensions to the dates of compliance from Plaintiffs and

4    working diligently to meet and confer with Plaintiffs to discuss these concerns without needing

5    to request guidance from the courts.  *See* Ex. 5 (6/12/17 Email from E. Cheng to A. LaValley &

6    D. Sheikh).  Zebra proposed reasonable processes to allow Plaintiffs to proceed with non-

7    objectionable aspects of their third-party discovery, while seeking to protect from premature

8    production just the documents in the subpoenaed parties' possession that contain Zebra

9    confidential technical information.  In particular, Zebra proposed a process in which Zebra

10   would review and approve the third-party documents prior to their production in order to add

11   appropriate confidentiality designations to confidential non-technical documents (so that those

12   documents could be immediately produced) and to identify documents that contain Zebra's

13   confidential technical information, so those documents could be withheld until the sufficiency of

14   Plaintiffs' trade secret disclosure is resolved by the Massachusetts Court.  *See* Ex. 6 (6/15/17

15   Email from E. Cheng to A. LaValley).

16        But contrary to Plaintiffs' repeated assertions and statements to Zebra and the

17   Massachusetts Court regarding the timing of discovery of confidential technical information,

18   Plaintiffs instead went forward with seeking and obtaining Zebra's confidential technical

19   information from third parties.  Rather than work with Zebra to allow the Massachusetts Court to

20   resolve the pending dispute, Plaintiffs are pressing forward with this tact, refusing to extend the

21   compliance deadlines so that the Massachusetts Court can provide a ruling on the pending

22   motions.

23   **D.      Plaintiffs Already Prematurely Obtained Zebra's Confidential Technical**
             **Information**
24

25        The risk that Plaintiffs would obtain Zebra's confidential technical information through

26   third-party subpoenas has already been realized in at least one instance.  With respect to

MOTION TO QUASH SUBPOENA
OR TRANSFER TO DISTRICT OF MASSACHUSETTS - 6

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1    Plaintiffs' subpoena to the University of Tennessee, after Zebra notified Plaintiffs that the

2    University was in possession of Zebra's confidential technical information, Zebra soon learned

3    that Plaintiffs had, two weeks earlier, already received documents from the University.  Amongst

4    the documents that Plaintiffs obtained from the University was a document identified by Zebra as

5    containing its confidential technical information, along with additional confidential technical

6    information not previously provided to Zebra.  Zebra immediately asked Plaintiffs to answer

7    several questions regarding the circumstances that led to this disclosure and its dissemination to

8    Plaintiffs and its counsel.  Plaintiffs did not provide the requested information in their response

9    to Zebra.

10         Accordingly, Zebra brings this Motion to prevent any further improper disclosure of its

11   confidential technical information before the Massachusetts Court resolves the parties' pending

12   cross-motions concerning the adequacy of Plaintiffs' trade secret disclosure.

13   **III.    LEGAL STANDARDS**

14         Under Rule 45, a court "***must*** quash or modify a subpoena that . . . requires disclosure of

15   privileged or other protected matter."  *See* Fed. R. Civ. P. 45(d)(3) (emphasis added).  Indeed,

16   courts have quashed subpoenas pending resolution of a dispute surrounding the sufficiency of a

17   plaintiff's alleged trade secrets in an underlying action.  *See, e.g.*, *In re Subpoena of DJO, LLC*,

18   295 F.R.D. 494, 500 (S.D. Cal. 2014).[1]  Moreover, in a trade secret misappropriation case, there

19   is good cause to prevent discovery of a defendant's or third party's proprietary information when

20   the plaintiff has yet not identified its trade secret with sufficient particularity.  *See, e.g.*, *Automed*

21   *Techs., Inc., v. Eller*, 160 F. Supp. 2d 915, 925–26 (N.D. Ill. July 11, 2001) (granting defendants'

---

22   [1] In *DJO*, plaintiff filed actions against defendants in the Northern District of Ohio and Eastern District of Michigan.
23   *Id.* at 495.  Plaintiff then issued a document subpoena to a non-party in the Southern District of California.  *Id.*  The
     motion to quash the subpoena asserted that "any discovery of documents that may be relevant to [plaintiff's] trade
24   secret misappropriation claim is premature because in [one underlying action, defendant] contends [plaintiff] has not
     provided a sufficient identification of its trade secrets."  *Id.* at 500.  As such, the *DJO* court conditioned production
25   of documents on the resolution of the trade secret identification dispute, reasoning that "[a]ny questions as to
     whether [plaintiff] must identify its trade secrets with reasonable particularity prior to discovery and, if so, whether
26   it has done so, are matters for the Eastern District of Michigan to resolve."  *Id.*

MOTION TO QUASH SUBPOENA
OR TRANSFER TO DISTRICT OF MASSACHUSETTS - 7

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

1   and third-party's motion for a protective order suspending discovery of their proprietary

2   information because plaintiffs failed to particularly articulate the scope of their trade secret).

3          In addition, a court located in the district for compliance may transfer a motion to quash

4   to the issuing court if the recipient of the subpoena consents or if the court finds exceptional

5   circumstances.  Fed. R. Civ. P. 45(f)(1).  When assessing "exceptional circumstances" under

6   Federal Rule of Civil Procedure 45(f)(1) regarding transfer, a court should weigh the burden to

7   the nonparty along with the interest avoiding "disrupting the issuing court's management of the

8   underlying litigation."  *See, e.g.*, *Flynn v. FCA US LLC*, 216 F. Supp. 3d 44, 46 (D.D.C. 2016)

9   (transferring motion to quash to Southern District of Illinois).

10  IV.    **ARGUMENT**

11         A.     **Plaintiffs' Subpoena Should Be Quashed**

12         Plaintiffs should be prevented from seeking or obtaining Zebra confidential technical

13  information by way of third parties before the parties' pending cross-motions are decided.  Here,

14  as in *DJO*, the parties dispute whether Plaintiffs have sufficiently identified their alleged trade

15  secrets.  *See, e.g.*, Massachusetts Action Dkt. Nos. 103, 110.  Plaintiffs should not be permitted

16  to end-run around the Massachusetts Court's determination of those issues by seeking the same

17  discovery before a ruling on the parties' cross-motions regarding Plaintiffs' trade secret

18  disclosure and Plaintiffs' ability to obtain Zebra's confidential technical discovery before the

19  adequacy of that disclosure is determined for at least four reasons enumerated below.

20         ***First***, although Plaintiffs seek Zebra's confidential technical information through third-

21  party subpoenas, Plaintiffs have not yet met their threshold obligation to identify their alleged

22  trade secrets with reasonable particularity.  In particular, Plaintiffs have not provided sufficient

23  details about their alleged trade secrets to distinguish their alleged trade secrets from general

24  knowledge.  *See* Massachusetts Action, Dkt. No. 110.  These deficiencies were detailed in

25  Zebra's opposition to Plaintiffs' motion to compel, which explained why it is premature for

26  discovery of Zebra's confidential technical information at this time.  *See id.*

MOTION TO QUASH SUBPOENA
OR TRANSFER TO DISTRICT OF MASSACHUSETTS - 8

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone* (206) 624-0900

1    The law is clear that a plaintiff may not seek discovery on its trade secret claims until

2    after it has identified its alleged trade secrets with reasonable particularity. *See, e.g.*, *Perlan*, 178

3    Cal. App. 4th at 1345; *Alnylam*, 2016 WL 4063565, *1–2. Here, Plaintiffs' purported trade

4    secret identification contains of nearly 200 broadly worded categories and does not meet the

5    standard for reasonable particularity. *See, e.g.*, Massachusetts Action, Dkt. No. 110. Although

6    Plaintiffs may dispute this, it is for the Massachusetts Court to determine whether Plaintiffs may

7    obtain discovery of Zebra's confidential technical information—not Plaintiffs. *See, e.g.*,

8    Massachusetts Action, Dkt. No. 103.

9    Plaintiffs argue that they are entitled to this discovery because the Massachusetts Court

10   has not yet ruled on the parties' dispute. *See* Ex. 7 (7/18/17 Letter from A. LaValley to E.

11   Cheng). But that cannot be true, as Plaintiffs filed a motion seeking permission to take such

12   discovery. *See* Massachusetts Action, Dkt. No. 103. That motion is still pending—Plaintiffs'

13   request ***has not*** been granted. Plaintiffs should not be permitted to unilaterally override the

14   Massachusetts Court's process for determining this issue.[2]

15   ***Second***, Plaintiffs are aware that the subpoenaed third-parties have contractual duties to

16   Zebra regarding confidentiality and pre-production notice, and Plaintiffs' discovery deliberately

17   seeks production of documents and information in violation of the contractual obligations

18   between the third parties and the Zebra. Indeed, Plaintiffs appear to have chosen the Universities

19   as subpoena targets based on Zebra's production of such agreements. Such disclosure would be

20   irreversible, even if only to outside attorneys.

21   Similarly, Plaintiffs assert that Zebra's attempts to protect Zebra confidential technical

22   information from disclosure in response to the subpoenas at issue constitutes an improper

23   interference with third-party discovery. *See* Ex. 7 (7/18/17 Letter from A. LaValley to E.

---

[2] Indeed, permitting Plaintiffs to access Zebra's confidential technical information via third-party discovery would implicate the same issues underlying the prohibition of obtaining this discovery from Zebra itself. *See, e.g.*, *Perlan*, 178 Cal. App. 4th at 1345; *Alnylam*, 2016 WL 4063565, *1–2.

MOTION TO QUASH SUBPOENA
OR TRANSFER TO DISTRICT OF MASSACHUSETTS - 9

1   Cheng).  To the contrary, Zebra's efforts to allow the Massachusetts Court to decide these issues

2   before Plaintiffs obtain Zebra's confidential technical information merely preserves the status

3   quo and the Massachusetts Court's ability to reach a decision on the pending motions before they

4   are mooted by Plaintiffs' recent activities.

5       ***Third,*** Plaintiffs' current attempts to obtain Zebra's confidential technical information

6   also contradict Plaintiffs' prior acknowledgements about the state of discovery and their refusal

7   to produce Plaintiffs' own confidential technical information prior to the Massachusetts Court's

8   resolution of the parties' pending dispute.  *See Automed*, 160 F. Supp. 2d at 926.  Only a few

9   months ago, Plaintiffs raised the pending issues regarding trade secret identification as a shield to

10  prevent disclosure of their own confidential information.  Plaintiffs also acknowledged in a

11  separate motion to compel that such discovery had been stayed as a result of the pending

12  motions.  *See, e.g.*, Massachusetts Action, Dkt. No. 143 at 5 ("Defendants have no basis to

13  withhold [information that is "not technical"] on the basis of the parties' pending motions

14  regarding the trade secret disclosure dispute.").  Although Plaintiffs did not ***agree*** that a stay was

15  appropriate, they ***did agree*** that one was in fact in place.[3]  Plaintiffs recently reversed course,

16  however, demanding that third parties produce all documents responsive to the subpoenas or

17  appear for deposition, including where Zebra's confidential technical information would be

18  implicated.  There is no justification for Plaintiffs' reversal on this issue.  The same reasons why

19  Plaintiffs should not be permitted to obtain Zebra's confidential technical information still

20  remain.

21      ***Fourth***, Zebra will be irreparably harmed if Plaintiffs are allowed to obtain Zebra's

22  confidential technical information at this juncture.  If allowed to proceed, Plaintiffs will learn

23  additional confidential technical details about Zebra's technologies, which may affect any

24  ---

[3] Plaintiffs argue that Zebra takes their prior statements out of context.  *See* Ex. 7 (7/18/17 Letter from A. LaValley
25  to E. Cheng).  To the contrary, these statements confirm that although Plaintiffs may not have agreed that a stay was
appropriate, they acknowledged that it was in place, subject to the pending motions to compel before the
26  Massachusetts Court, and justified Plaintiffs' withholding of their own confidential documents from discovery.

MOTION TO QUASH SUBPOENA
OR TRANSFER TO DISTRICT OF MASSACHUSETTS - 10

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone* (206) 624-0900

1   recasting of their alleged trade secrets.  *See, e.g.*, *Perlan*, 178 Cal. App. 4th at 1345; *Alnylam*,

2   2016 WL 4063565, *1–2.

3          Plaintiffs, on the other hand, will not be prejudiced by waiting to take third-party

4   discovery concerning Zebra's confidential technical information before the Massachusetts Court

5   resolves the pending motions.  Discovery not pertaining to this issue can proceed and has been

6   proceeding for a long time, as Plaintiffs acknowledge.  *See* Ex. 8 (Sixth Joint Case Management

7   Statement, California) at 3 ("Discovery is progressing in the Massachusetts Action").  Indeed,

8   Zebra has already produced thousands of pages falling outside the scope of the materials at issue

9   in the pending motions  Those productions include confidential financial information,

10  agreements between Zebra and the National Football League and other third-parties, and public

11  technical documents relating to Zebra's accused MotionWorks technology.  Zebra's proposed

12  approach to handling their information held by the subpoenaed third-parties will not interfere

13  with the same type of productions of non-technical confidential information from third parties,

14  which have already taken place.

15         **B.      In the Alternative, This Motion Should Be Transferred to the District of
                    Massachusetts**

16

17         As an alternative to quashing this subpoena, this court should transfer this Motion to the

18  District of Massachusetts, where the subpoena may be addressed uniformly with the underlying

19  issue.  *See, e.g.*, *In re Subpoena of DJO, LLC*, 295 F.R.D. 494, 500 (S.D. Cal. 2014).

20         To the extent the Court does not quash this subpoena, a transfer of this Motion to the

21  Massachusetts Court would be supported by several considerations.  ***First***, the underlying inquiry

22  is currently pending before the Massachusetts Court, which has been fully briefed on the

23  technical and legal aspects of the underlying dispute, including nearly 200 alleged trade secrets.

24  *See, e.g.*, Massachusetts Action, Dkt. Nos. 92–94, 99 (parties presented *ex parte* tutorials to the

25  Massachusetts Court); Dkt. Nos. 103–104, 110–111 (cross-motions to compel); 122–123 (order

26  granting leave to file additional briefing).  ***Second***, as of the date of this Motion, Plaintiffs have

MOTION TO QUASH SUBPOENA
OR TRANSFER TO DISTRICT OF MASSACHUSETTS - 11

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone* (206) 624-0900

1   issued many different subpoenas in various judicial districts.  Because Zebra's present objection

2   to each subpoena hinges on this underlying legal issue, transferring this Motion to that court

3   would avoid the risk of inconsistent rulings among other District Courts.[4]

4   **V.       CONCLUSION**

5           The issue of whether Plaintiffs may obtain Zebra's confidential technical information

6   before revising their trade secret disclosure is already before the Massachusetts Court.  Plaintiffs,

7   however, are attempting to use third party discovery subpoenas to override the Massachusetts

8   Court's ability to rule on that issue.  As such, good cause exists to quash Plaintiffs' discovery of

9   Zebra's confidential technical information while the Massachusetts Court decides that issue.

10   Zebra respectfully requests that the Court grant its Motion to Quash or, in the alternative, transfer

11   its Motion to the District of Massachusetts.

12           DATED:  July 19, 2017.                    STOEL RIVES LLP

13

14                                                    s/ Vanessa Power
                                                      Vanessa Soriano Power, WSBA No. 30777
15                                                    vanessa.power@stoel.com

16                                                    600 University Street, Suite 3600
                                                      Seattle, WA  98101
17                                                    Telephone:  (206) 624-0900
                                                      Facsimile:  (206) 386-7500
18

19                                                    *Attorneys for Defendants Zebra Enterprise
                                                      Solutions Corporation, Zebra Technologies
20                                                    Corporation, and ZIH Corp.*

21

22

23

24   ─────────────────────
     [4] Zebra has also filed a motion in the Massachusetts Court seeking a protective order to prevent
25   Plaintiffs from seeking this unauthorized discovery.  *See* Massachusetts Action, Dkt. Nos. 152 &
     153.
26

MOTION TO QUASH SUBPOENA
OR TRANSFER TO DISTRICT OF MASSACHUSETTS - 12

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Michael W. De Vries (California Bar No.
211001)*
Kirkland & Ellis LLP
333 South Hope Street
Los Angeles, California 90071
Tel.: 213-680-8400
Fax: 213-680-8500
Email: michael.devries@kirkland.com

Adam R. Alper (California Bar No. 196834)*
Eric Cheng (California Bar No. 274118)*
Kirkland & Ellis LLP
555 California Street
San Francisco, California 94104
Tel.: 415-439-1400
Fax: 415-439-1500
Email: adam.alper@kirkland.com
Email: eric.cheng@kirkland.com

*Attorneys for Zebra Enterprise Solutions, Corp.,
Zebra Technologies Corp., and ZIH Corp.*

*pro hac vice* pending

MOTION TO QUASH SUBPOENA
OR TRANSFER TO DISTRICT OF MASSACHUSETTS - 13

93496689.1 0099865-10005

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

<u>**CERTIFICATE OF SERVICE**</u>

I, Vanessa Power, certify that at all times mentioned herein I was and now am a citizen of the United States of America and a resident of the state of Washington, over the age of eighteen years, not a party to the proceeding or interested therein, and competent to be a witness therein. My business address is: Stoel Rives LLP, 600 University Street, Suite 3600, Seattle, Washington 98101-3197.

On July 19, 2017, I caused a true and correct copy of the foregoing to be served by Email on:

- alavalley@leesheikh.com;
- bhaan@leesheikh.com;
- clee@leesheikh.com;
- dsheikh@leesheikh.com;
- jculig@leesheikh.com;
- rmegley@leesheikh.com;
- wscofield@lathronpgage.com;
- peg@dcglaw.com

STOEL RIVES LLP

s/ Vanessa Power
Vanessa Soriano Power, WSBA No. 30777
vanessa.power@stoel.com

CERTIFICATE OF SERVICE - 1

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*