1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
9       WESTERN DISTRICT OF WASHINGTON

10    LYNX SYSTEM DEVELOPERS, INC. and      No. 2:17-mc-00076 RSL
      ISOLYNX, LLC,
11                                          Pending in District of Massachusetts
                    Plaintiffs,             Case No. 1:15-cv-12297
12
           v.                               DECLARATION OF ERIC CHENG IN
13                                          SUPPORT OF MOTION TO QUASH
      ZEBRA ENTERPRISE SOLUTIONS            SUBPOENA OR TRANSFER TO
14    CORPORATION,                          DISTRICT OF MASSACHUSETTS
      ZEBRA TECHNOLOGIES
15    CORPORATION, and
      ZIH CORP.,
16
                    Defendants.
17

18         I, Eric Cheng, declare as follows:

19         1.      I am a partner at Kirkland & Ellis LLP and a member of the Bar of the State of

20   California. I am counsel of record for Defendants Zebra Enterprise Solutions Corporation, Zebra

21   Technologies Corporation, and ZIH Corp. in the matter of *Lynx System Developers, Inc., et al. v.*

22   *Zebra Enterprise Solutions Corp., et al.*, Case No. 1:15-cv-12297, currently pending before the

23   Honorable George O'Toole in the United States District Court for the District of Massachusetts.

24   I am over the age of eighteen and competent to testify to the facts contained herein.

25         2.      Attached at **Exhibit 1** is a true and correct copy of Plaintiffs' subpoena issued to

26   non-party University of Washington. `

DECLARATION OF ERIC CHENG - 1

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

1    3.    Attached at **Exhibit 2** is a true and correct copy of Plaintiffs' subpoena issued to

2    non-party Ohio State University.

3    4.    Attached at **Exhibit 3** is a true and correct copy of Plaintiffs' subpoena issued to

4    non-party the University of Tennessee.

5    5.    Attached at **Exhibit 4** is a true and correct copy of Plaintiffs' subpoena issued to

6    non-party NHL Enterprises, Inc.

7    6.    Attached as **Exhibit 5** is a true and correct copy of a June 12, 2017 email from

8    Eric Cheng to Ashley LaValley and David Sheikh.

9    7.    Attached as **Exhibit 6** is a true and correct copy of a June 15, 2017 email from

10    Eric Cheng to Ashley LaValley.

11    8.    Attached as **Exhibit 7** is a true and correct copy of a July 18, 2017 Letter from

12    Ashley LaValley to Eric Cheng.

13    9.    Attached as **Exhibit 8** is a true and correct copy of the parties' Sixth Joint Case

14    Management Conference Statement, filed on June 22, 2017 in the matter *Zebra Enterprise*

15    *Solutions Corp., et al. v. Lynx System Developers, Inc., et al.*, 1-15-CV-284620 (Cal. Super. Ct.).

16

17        SIGNED this 19th day of July, 2017, at Palo Alto, California.

18

19                                Eric Cheng (*pro hac vice* pending)

20

21

22

23

24

25

26

DECLARATION OF ERIC CHENG - 2

# CERTIFICATE OF SERVICE

I, Vanessa Power, certify that at all times mentioned herein I was and now am a citizen of the United States of America and a resident of the state of Washington, over the age of eighteen years, not a party to the proceeding or interested therein, and competent to be a witness therein. My business address is: Stoel Rives LLP, 600 University Street, Suite 3600, Seattle, Washington 98101-3197.

On July 19, 2017, I caused a true and correct copy of the foregoing to be served by Email on:

- alavalley@leesheikh.com;
- bhaan@leesheikh.com;
- clee@leesheikh.com;
- dsheikh@leesheikh.com;
- jculig@leesheikh.com;
- rmegley@leesheikh.com;
- wscofield@lathronpgage.com;
- peg@dcglaw.com

STOEL RIVES LLP

s/ Vanessa Power
Vanessa Soriano Power, WSBA No. 30777
vanessa.power@stoel.com

CERTIFICATE OF SERVICE - 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LYNX SYSTEM DEVELOPERS, INC. and ISOLYNX, LLC, | Civil Action No. 1:15-cv-12297 |
| Plaintiffs, | |
| v. | |
| ZEBRA ENTERPRISE SOLUTIONS CORPORATION, ZEBRA TECHNOLOGIES CORPORATION, and ZIH CORP., | |
| Defendants. | |

## PLAINTIFFS' NOTICE OF SUBPOENA TO UNIVERSITY OF WASHINGTON TO PRODUCE DOCUMENTS

**PLEASE TAKE NOTICE** that pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, Plaintiffs Lynx System Developers, Inc. and IsoLynx, LLC, will caused to be issued a subpoena for the production of documents by June 19, 2017 at the offices of Seattle Deposition Reporters – Veritext affiliate, 600 University Street, Suite 320, Seattle, WA 98101, or at such other time and place as may be agreed by counsel. Attachment A describes the documents to be produced.

Respectfully submitted,

*/s/ Ashley E. LaValley*
David J. Sheikh (dsheikh@leesheikh.com)
 (*admitted pro hac vice*)
Christopher J. Lee (clee@leesheikh.com)
(*admitted pro hac vice*)
Richard B. Megley, Jr.
(rmegley@leesheikh.com)
(*admitted pro hac vice*)

Brian E. Haan (bhaan@leesheikh.com)
(*admitted pro hac vice*)
Joseph A. Culig (jculig@leesheikh.com)
(*admitted pro hac vice*)
Ashley E. LaValley
(alavalley@leesheikh.com)
(*admitted pro hac vice*)
LEE SHEIKH MEGLEY & HAAN
111 West Jackson Boulevard, Suite 2230
Chicago, Illinois 60604
Phone: 312.982.0070

William A. Scofield, Jr. (BBO # 448940)
(wscofield@lathropgage.com)
LATHROP & GAGE LLP
28 State Street, Suite 700
Boston, Massachusetts 02109
Phone: 857.300.4000

*Counsel for Lynx System Developers, Inc.*
*and IsoLynx, LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 5, 2017 the foregoing

## PLAINTIFFS' NOTICE OF SUBPOENA TO
## UNIVERSITY OF WASHINGTON TO PRODUCE DOCUMENTS

was served via electronic mail on the following counsel of record:

Peter E. Gelhaar (peg@dcglaw.com)
Donnelly, Conroy & Gelhaar, LLP
260 Franklin Street, Suite 1600
Boston, MA 02110

Adam R. Alper (adam.alper@kirkland.com)
Kirkland & Ellis LLP
555 California Street, 27th Floor
San Francisco, CA 94104

Michael W. DeVries
(michael.devries@kirkland.com)
Sharre S. Lotfollahi
(sharre.lotfollahi@kirkland.com)
Kirkland & Ellis LLP
333 South Hope Street
Los Angeles, CA 90071

Eric Cheng
(eric.cheng@kirkland.com)
Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

Amanda Hollis
(amanda.hollis@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

*Attorneys for Defendants*
*Zebra Enterprise Solutions Corporation, Zebra Technologies Corporation, and ZIH Corp.*

/s/ Ashley E. LaValley
LEE SHEIKH MEGLEY & HAAN

*Counsel for Lynx System Developers, Inc.*
*and IsoLynx, LLC*

# UNITED STATES DISTRICT COURT
### for the
District of Massachusetts

| | | |
|---|---|---|
| Lynx System Developers, Inc. and IsoLynx, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:15-cv-12297 |
| Zebra Enterprise Solutions Corporation, Zebra Technologies Corporation and ZIH Corp. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: University of Washington, c/o Attorney General's Office, UW Tower, 18th Floor,
4333 Brooklyn Avenue, NE, Seattle, WA 98105

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

    SEE SCHEDULE A

| Place: *Seattle Deposition Reporters - Veritext affiliate 600 University St., Ste. 320, Seattle, WA 98101 *or by Federal Express to Lee Sheikh Megley & Haan | Date and Time: 06/19/2017 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/05/2017

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/Ashley E. LaValley |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs, Lynx System Developers, Inc. and IsoLynx, LLC , who issues or requests this subpoena, are:

Ashley E. LaValley, Lee Sheikh Megley & Haan, 111 W. Jackson Blvd., Ste. 2230, Chicago, IL 60604; Ph: 312-982-0070

email: alavalley@leesheikh.com **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.   1:15-cv-12297

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                     _____
                                                         *Server's signature*

                                                    _____
                                                         *Printed name and title*

                                                    _____
                                                         *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## DEFINITIONS

1.      "You" and "your," as used herein, mean the University of Washington or any other persons (as defined herein) acting or purporting to act on its behalf, as well as any agent, employee, successor, predecessor, parent, subsidiary, investigator, attorney, accountant, representative or other person acting or purporting to act on its behalf.

2.      "Person" or "persons," as used herein, means any natural person, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, government, governmental subdivision or agency, or any other legal or commercial entity.

3.      "Document" and "documents," as used herein, have the same meaning prescribed in Federal Rule of Civil Procedure 34, and include, without limitation, the original (and every copy of any original which differs in any way from the original) of any written, recorded or graphic matter in any and all media however produced or reproduced, including, but not limited to, any book, pamphlet, periodical, letter, Communication (as defined herein), correspondence, telegram, electronic mail (e-mail), online chat log, text messages, hard drive, Internet website, tax return, memorandum, interoffice communication, working paper, record, study, paper, diary, drawings, specification, appointment books, calendar, work sheet, data processing card or tape, recordings, transcriptions thereof; and all other memorials of any conversations, meetings and conferences by telephone or otherwise; and any other

writing and/or recording, however produced or reproduced, including but not limited to handwriting, typewriting, printing, photo stating, photographing, magnetic impulse, mechanical or electrical recording or other form of data compilation, photographs, slides, x-rays, motion pictures, videotapes, audiotapes, records and disks, CD-ROM, computer data disk, and any tangible materials of any nature whatsoever.

4.      "Communication," as used herein, means every manner or means of disclosure, transfer, transmission, or exchange of information, whether orally, in writing, by telephone, voicemail, mail, email, instant message, computer, personal delivery, text message, electronic message, facsimile, or in any other manner.

5.      "Relate to," "relating to," or "in relation to" any given subject mean, without limitation, reflecting, identifying, evidencing, describing, discussing, referring to, concerning, constituting, regarding, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, involving, embodying, containing, mentioning, arising out of, in connection with, or having any logical or factual connection with the matter in question.

6.      "Massachusetts Action," as used herein, means *Lynx System Developers, Inc. and IsoLynx, LLC v. Zebra Enterprise Solutions Corporation, Zebra Technologies Corporation, and ZIH Corp.*, Civil Action No. 1:15-cv-12297, currently pending in the United States District Court for the District of Massachusetts.

7.     "Zebra," as used herein, means Defendants Zebra Enterprise Solutions Corporation, Zebra Technologies Corporation, and ZIH Corp., as well as any agent, employee, successor, predecessor, parent, subsidiary, investigator, attorney, accountant, representative or other person (as defined herein) acting or purporting to act on their behalf. "Zebra," as used herein, includes Multi-Spectral Solutions, Inc.

8.     "Lynx," as used herein, means Plaintiffs Lynx System Developers, Inc. and IsoLynx, LLC as well as any agent, employee, successor, predecessor, parent, subsidiary, investigator, attorney, accountant, representative or other person (as defined herein) acting or purporting to act on their behalf.

9.     "Zebra MotionWorks," as used herein, refers to Zebra's real-time player tracking system, including all associated components, portions, applications, intellectual properties, versions, updates, enhancements and modifications.

## INSTRUCTIONS

1.     These requests shall be deemed to include any and all relevant documents within your possession, custody, or control or that come into your possession, custody, or control after the date of these requests. Documents to be produced pursuant to these requests include all documents prepared or used at any time to the present, unless another time period is specifically stated within a request.

2.     Each request is independent, and should be read independently, of any other request, unless specifically noted, and each request is not meant to and does not limit or define any other request.

3

3. "Any" and "all" shall both be construed to mean "any and all" or "each and every."

4. "And" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

5. Throughout these requests, the use of the plural is to be understood to include the singular, and vice versa.

6. Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as were the originals, and the original labels or other file designations should be produced or copied.

7. Documents shall be produced in full. If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reason that document is being withheld.

8. Pursuant to and Federal Rule of Civil Procedure 26(b)(5) and Local Rule 34.1(e), for each request for which a document is withheld based on a claim of privilege, or for which a production is refused on any other basis, you must provide the following information as to each document in your response to this demand:

a. the place, date and manner of recordation or preparation of the document;

b. the type of document;

c. the name and title of the document's author(s);

d. the name and title of the document's sender;

e. the name and title of the document's recipient(s), including the names of those receiving copies;

f. the nature and basis of the privilege claimed and whether or not the subject matter of the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice; and

g. a brief description of the subject matter of the contents of the document.

9.      Pursuant to Federal Rule of Civil Procedure 26(g), if you represent an inability to comply with a particular demand for production, you shall affirm that a diligent search and a reasonable inquiry have been made in an effort to comply with the request. Your statement should specify the reason you cannot comply, and shall set forth the name and address of any person known or believed by you to have possession, custody, or control of the document or category of documents.

10.      If you object to only a part of a request, the remainder of the request remains valid and you should clarify that your document production will be limited by your objection, but that you are producing documents not impacted by your objection.

## REQUESTS FOR PRODUCTION

1.      All agreements between You and Zebra, including executed versions and drafts.

5

2.    All documents relating to the October 2013 Evaluation Agreement between You and Zebra.

3.    All communications between You and Zebra regarding any agreements relating to Zebra's player tracking systems and/or services.

4.    Documents sufficient to show the date of Your first communication with Zebra relating to player tracking systems and/or services.

5.    Documents sufficient to show the reasons why and the circumstances under which You entered into an agreement with Zebra relating to player tracking systems and/or services.

6.    Documents sufficient to show all individuals involved in Your decision to evaluate Zebra and player tracking systems and/or services of Zebra.

7.    Documents sufficient to show all individuals involved in Your decision to enter into any agreement with Zebra relating to player tracking systems and/or services.

8.    All studies, reports, valuations, and/or analyses of the benefits, advantages, disadvantages, and/or value of Zebra's player tracking systems and/or services from 2010 to the present.

9.    All communications between You and any Person relating to the benefits, advantages, disadvantages, and/or value of player tracking systems and/or services provided by Zebra.

10.    All requests for quotations and requests for proposals relating to player tracking technology from 2010 to the present.

6

11. All responses to requests for quotations and requests for proposals relating to player tracking technology from 2010 to the present.

12. Documents sufficient to show all consideration paid by You to Zebra, or paid by Zebra to You, relating to player tracking systems and/or services.

13. Documents sufficient to show any projected consideration to be paid by You to Zebra relating to player tracking systems and services through 2020.

14. All documents relating to Lynx and/or any player tracking systems and services of Lynx.

15. All communications between You and Zebra relating to the Massachusetts Action.

16. All internal communications relating to the Massachusetts Action.

17. All communications between You and any Person relating to the Massachusetts Action.

18. All communications between You and Zebra relating to Lynx and/or any player tracking systems and/or services of Lynx.

19. All internal communications relating to Lynx and/or any player tracking systems and/or services of Lynx.

20. All communications between You and any Person relating to Lynx and/or any player tracking systems and/or services of Lynx.

21. Documents sufficient to show how You use any data collected through use of Zebra's player tracking system or services.

7

22. Documents sufficient to show the revenue You generate with any data collected through use of Zebra's player tracking system or services.

23. Documents sufficient to show the components, installation, testing, calibration, operation, and use of player tracking systems and/or services provided by Zebra to You.

24. Documents sufficient to show the frequency of use of Zebra's player tracking systems and/or services, including without limitation the number of games and/or practices Zebra's player tracking systems and/or services were used by You.

25. Documents sufficient to show any understandings and/or agreements between You and Zebra to indemnify, defend, and/or hold harmless with respect to claims relating to player tracking systems and services provided by Zebra to You.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LYNX SYSTEM DEVELOPERS, INC. and ISOLYNX, LLC, | Civil Action No. 1:15-cv-12297 |
| Plaintiffs, | |
| v. | |
| ZEBRA ENTERPRISE SOLUTIONS CORPORATION, ZEBRA TECHNOLOGIES CORPORATION, and ZIH CORP., | |
| Defendants. | |

## PLAINTIFFS' NOTICE OF SUBPOENA TO
## OHIO STATE UNIVERSITY TO PRODUCE DOCUMENTS

**PLEASE TAKE NOTICE** that pursuant to Rules 26, 34, and 45 of the Federal

Rules of Civil Procedure, Plaintiffs Lynx System Developers, Inc. and IsoLynx, LLC,

will caused to be issued a subpoena for the production of documents by June 19, 2017

at the offices of Veritext Columbus, 41 S. High Street, Suite 210, Columbus, OH

43215, or at such other time and place as may be agreed by counsel.  Attachment A

describes the documents to be produced.

Respectfully submitted,

*/s/ Ashley E. LaValley*
David J. Sheikh (dsheikh@leesheikh.com)
 (*admitted pro hac vice*)
Christopher J. Lee (clee@leesheikh.com)
(*admitted pro hac vice*)
Richard B. Megley, Jr.
(rmegley@leesheikh.com)
(*admitted pro hac vice*)

Brian E. Haan (bhaan@leesheikh.com)
(*admitted pro hac vice*)
Joseph A. Culig (jculig@leesheikh.com)
(*admitted pro hac vice*)
Ashley E. LaValley
(alavalley@leesheikh.com)
(*admitted pro hac vice*)
LEE SHEIKH MEGLEY & HAAN
111 West Jackson Boulevard, Suite 2230
Chicago, Illinois 60604
Phone: 312.982.0070

William A. Scofield, Jr.  (BBO # 448940)
(wscofield@lathropgage.com)
LATHROP & GAGE LLP
28 State Street, Suite 700
Boston, Massachusetts 02109
Phone: 857.300.4000

*Counsel for Lynx System Developers, Inc.*
*and IsoLynx, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 5, 2017 the foregoing

## PLAINTIFFS' NOTICE OF SUBPOENA TO
## OHIO STATE UNIVERSITY TO PRODUCE DOCUMENTS

was served via electronic mail on the following counsel of record:

Peter E. Gelhaar (peg@dcglaw.com)
Donnelly, Conroy & Gelhaar, LLP
260 Franklin Street, Suite 1600
Boston, MA 02110

Adam R. Alper (adam.alper@kirkland.com)
Kirkland & Ellis LLP
555 California Street, 27th Floor
San Francisco, CA 94104

Michael W. DeVries
(michael.devries@kirkland.com)
Sharre S. Lotfollahi
(sharre.lotfollahi@kirkland.com)
Kirkland & Ellis LLP
333 South Hope Street
Los Angeles, CA 90071

Eric Cheng
(eric.cheng@kirkland.com)
Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

Amanda Hollis
(amanda.hollis@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

*Attorneys for Defendants*
*Zebra Enterprise Solutions Corporation, Zebra Technologies Corporation, and ZIH Corp.*


*/s/ Ashley E. LaValley*
LEE SHEIKH MEGLEY & HAAN

*Counsel for Lynx System Developers, Inc.*
*and IsoLynx, LLC*

# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

| | |
|---|---|
| Lynx System Developers, Inc. and IsoLynx, LLC | ) |
| _____ | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 1:15-cv-12297 |
| Zebra Enterprise Solutions Corporation, Zebra Technologies Corporation and ZIH Corp. | ) |
| _____ | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: The Ohio State University, c/o Office of Legal Affairs, 1590 North High Street, Suite 500, Columbus, OH 43210

_____
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE SCHEDULE A

| Place: *Veritext Columbus, 41 S. High Street, Suite 210, Columbus, OH 43215 *or by Federal Express to Lee Sheikh Megley & Haan | Date and Time: 06/19/2017 10:00 am |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/05/2017

_CLERK OF COURT_

OR

_____          /s/Ashley E. LaValley
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Plaintiffs, Lynx System Developers, Inc. and IsoLynx, LLC _____ , who issues or requests this subpoena, are:

Ashley E. LaValley, Lee Sheikh Megley & Haan, 111 W. Jackson Blvd., Ste. 2230, Chicago, IL 60604; Ph: 312-982-0070

email: alavalley@leesheikh.com  **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  1:15-cv-12297

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                     _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.　"You" and "your," as used herein, mean the Ohio State University or any other persons (as defined herein) acting or purporting to act on its behalf, as well as any agent, employee, successor, predecessor, parent, subsidiary, investigator, attorney, accountant, representative or other person acting or purporting to act on its behalf.

2.　"Person" or "persons," as used herein, means any natural person, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, government, governmental subdivision or agency, or any other legal or commercial entity.

3.　"Document" and "documents," as used herein, have the same meaning prescribed in Federal Rule of Civil Procedure 34, and include, without limitation, the original (and every copy of any original which differs in any way from the original) of any written, recorded or graphic matter in any and all media however produced or reproduced, including, but not limited to, any book, pamphlet, periodical, letter, Communication (as defined herein), correspondence, telegram, electronic mail (e-mail), online chat log, text messages, hard drive, Internet website, tax return, memorandum, interoffice communication, working paper, record, study, paper, diary, drawings, specification, appointment books, calendar, work sheet, data processing card or tape, recordings, transcriptions thereof; and all other memorials of any conversations, meetings and conferences by telephone or otherwise; and any other

writing and/or recording, however produced or reproduced, including but not limited to handwriting, typewriting, printing, photo stating, photographing, magnetic impulse, mechanical or electrical recording or other form of data compilation, photographs, slides, x-rays, motion pictures, videotapes, audiotapes, records and disks, CD-ROM, computer data disk, and any tangible materials of any nature whatsoever.

4.     "Communication," as used herein, means every manner or means of disclosure, transfer, transmission, or exchange of information, whether orally, in writing, by telephone, voicemail, mail, email, instant message, computer, personal delivery, text message, electronic message, facsimile, or in any other manner.

5.     "Relate to," "relating to," or "in relation to" any given subject mean, without limitation, reflecting, identifying, evidencing, describing, discussing, referring to, concerning, constituting, regarding, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, involving, embodying, containing, mentioning, arising out of, in connection with, or having any logical or factual connection with the matter in question.

6.     "Massachusetts Action," as used herein, means *Lynx System Developers, Inc. and IsoLynx, LLC v. Zebra Enterprise Solutions Corporation, Zebra Technologies Corporation, and ZIH Corp.*, Civil Action No. 1:15-cv-12297, currently pending in the United States District Court for the District of Massachusetts.

7. "Zebra," as used herein, means Defendants Zebra Enterprise Solutions Corporation, Zebra Technologies Corporation, and ZIH Corp., as well as any agent, employee, successor, predecessor, parent, subsidiary, investigator, attorney, accountant, representative or other person (as defined herein) acting or purporting to act on their behalf. "Zebra," as used herein, includes Multi-Spectral Solutions, Inc.

8. "Lynx," as used herein, means Plaintiffs Lynx System Developers, Inc. and IsoLynx, LLC as well as any agent, employee, successor, predecessor, parent, subsidiary, investigator, attorney, accountant, representative or other person (as defined herein) acting or purporting to act on their behalf.

9. "Zebra MotionWorks," as used herein, refers to Zebra's real-time player tracking system, including all associated components, portions, applications, intellectual properties, versions, updates, enhancements and modifications.

## INSTRUCTIONS

1. These requests shall be deemed to include any and all relevant documents within your possession, custody, or control or that come into your possession, custody, or control after the date of these requests. Documents to be produced pursuant to these requests include all documents prepared or used at any time to the present, unless another time period is specifically stated within a request.

2. Each request is independent, and should be read independently, of any other request, unless specifically noted, and each request is not meant to and does not limit or define any other request.

3

3. "Any" and "all" shall both be construed to mean "any and all" or "each and every."

4. "And" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

5. Throughout these requests, the use of the plural is to be understood to include the singular, and vice versa.

6. Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as were the originals, and the original labels or other file designations should be produced or copied.

7. Documents shall be produced in full. If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reason that document is being withheld.

8. Pursuant to and Federal Rule of Civil Procedure 26(b)(5) and Local Rule 34.1(e), for each request for which a document is withheld based on a claim of privilege, or for which a production is refused on any other basis, you must provide the following information as to each document in your response to this demand:

a. the place, date and manner of recordation or preparation of the document;

b. the type of document;

4

c. the name and title of the document's author(s);

d. the name and title of the document's sender;

e. the name and title of the document's recipient(s), including the names of those receiving copies;

f. the nature and basis of the privilege claimed and whether or not the subject matter of the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice; and

g. a brief description of the subject matter of the contents of the document.

9.     Pursuant to Federal Rule of Civil Procedure 26(g), if you represent an inability to comply with a particular demand for production, you shall affirm that a diligent search and a reasonable inquiry have been made in an effort to comply with the request. Your statement should specify the reason you cannot comply, and shall set forth the name and address of any person known or believed by you to have possession, custody, or control of the document or category of documents.

10.     If you object to only a part of a request, the remainder of the request remains valid and you should clarify that your document production will be limited by your objection, but that you are producing documents not impacted by your objection.

## REQUESTS FOR PRODUCTION

1.     All agreements between You and Zebra, including executed versions and drafts.

5

2. All documents relating to the August 26, 2015 License and Evaluation Agreement between You and Zebra.

3. All communications between You and Zebra regarding any agreements relating to Zebra's player tracking systems and/or services.

4. Documents sufficient to show the date of Your first communication with Zebra relating to player tracking systems and/or services.

5. Documents sufficient to show the reasons why and the circumstances under which You entered into an agreement with Zebra relating to player tracking systems and/or services.

6. Documents sufficient to show all individuals involved in Your decision to evaluate Zebra and player tracking systems and/or services of Zebra.

7. Documents sufficient to show all individuals involved in Your decision to enter into any agreement with Zebra relating to player tracking systems and/or services.

8. All studies, reports, valuations, and/or analyses of the benefits, advantages, disadvantages, and/or value of Zebra's player tracking systems and/or services from 2010 to the present.

9. All communications between You and any Person relating to the benefits, advantages, disadvantages, and/or value of player tracking systems and/or services provided by Zebra.

10. All requests for quotations and requests for proposals relating to player tracking technology from 2010 to the present.

6

11.  All responses to requests for quotations and requests for proposals relating to player tracking technology from 2010 to the present.

12.  Documents sufficient to show all consideration paid by You to Zebra, or paid by Zebra to You, relating to player tracking systems and/or services.

13.  Documents sufficient to show any projected consideration to be paid by You to Zebra relating to player tracking systems and services through 2020.

14.  All documents relating to Lynx and/or any player tracking systems and services of Lynx.

15.  All communications between You and Zebra relating to the Massachusetts Action.

16.  All internal communications relating to the Massachusetts Action.

17.  All communications between You and any Person relating to the Massachusetts Action.

18.  All communications between You and Zebra relating to Lynx and/or any player tracking systems and/or services of Lynx.

19.  All internal communications relating to Lynx and/or any player tracking systems and/or services of Lynx.

20.  All communications between You and any Person relating to Lynx and/or any player tracking systems and/or services of Lynx.

21.  Documents sufficient to show how You use any data collected through use of Zebra's player tracking system or services.

22. Documents sufficient to show the revenue You generate with any data collected through use of Zebra's player tracking system or services.

23. Documents sufficient to show the components, installation, testing, calibration, operation, and use of player tracking systems and/or services provided by Zebra to You.

24. Documents sufficient to show the frequency of use of Zebra's player tracking systems and/or services, including without limitation the number of games and/or practices Zebra's player tracking systems and/or services were used by You.

25. Documents sufficient to show any understandings and/or agreements between You and Zebra to indemnify, defend, and/or hold harmless with respect to claims relating to player tracking systems and services provided by Zebra to You.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LYNX SYSTEM DEVELOPERS, INC. and ISOLYNX, LLC, | Civil Action No. 1:15-cv-12297 |
| Plaintiffs, | |
| v. | |
| ZEBRA ENTERPRISE SOLUTIONS CORPORATION, ZEBRA TECHNOLOGIES CORPORATION, and ZIH CORP., | |
| Defendants. | |

## PLAINTIFFS' NOTICE OF SUBPOENA TO
## UNIVERSITY OF TENNESSEE TO PRODUCE DOCUMENTS

**PLEASE TAKE NOTICE** that pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, Plaintiffs Lynx System Developers, Inc. and IsoLynx, LLC, will caused to be issued a subpoena for the production of documents by June 19, 2017 at the offices of Debbie West Reporting – Veritext affiliate, Executive Suites, 9111 Cross Park Dr., Building D, Suite 200, Knoxville, TN 37923, or at such other time and place as may be agreed by counsel. Attachment A describes the documents to be produced.

Respectfully submitted,

*/s/ Ashley E. LaValley*
David J. Sheikh (dsheikh@leesheikh.com)
 (*admitted pro hac vice*)
Christopher J. Lee (clee@leesheikh.com)
(*admitted pro hac vice*)
Richard B. Megley, Jr.

(rmegley@leesheikh.com)
(*admitted pro hac vice*)
Brian E. Haan (bhaan@leesheikh.com)
(*admitted pro hac vice*)
Joseph A. Culig (jculig@leesheikh.com)
(*admitted pro hac vice*)
Ashley E. LaValley
(alavalley@leesheikh.com)
(*admitted pro hac vice*)
LEE SHEIKH MEGLEY & HAAN
111 West Jackson Boulevard, Suite 2230
Chicago, Illinois 60604
Phone: 312.982.0070

William A. Scofield, Jr. (BBO # 448940)
(wscofield@lathropgage.com)
LATHROP & GAGE LLP
28 State Street, Suite 700
Boston, Massachusetts 02109
Phone: 857.300.4000

*Counsel for Lynx System Developers, Inc.*
*and IsoLynx, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 5, 2017 the foregoing

## PLAINTIFFS' NOTICE OF SUBPOENA TO
## UNIVERSITY OF TENNESSEE TO PRODUCE DOCUMENTS

was served via electronic mail on the following counsel of record:

Peter E. Gelhaar (peg@dcglaw.com)
Donnelly, Conroy & Gelhaar, LLP
260 Franklin Street, Suite 1600
Boston, MA 02110

Adam R. Alper (adam.alper@kirkland.com)
Kirkland & Ellis LLP
555 California Street, 27th Floor
San Francisco, CA 94104

Michael W. DeVries
(michael.devries@kirkland.com)
Sharre S. Lotfollahi
(sharre.lotfollahi@kirkland.com)
Kirkland & Ellis LLP
333 South Hope Street
Los Angeles, CA 90071

Eric Cheng
(eric.cheng@kirkland.com)
Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

Amanda Hollis
(amanda.hollis@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

*Attorneys for Defendants*
*Zebra Enterprise Solutions Corporation, Zebra Technologies Corporation, and ZIH Corp.*

/s/ Ashley E. LaValley
LEE SHEIKH MEGLEY & HAAN

*Counsel for Lynx System Developers, Inc.*
*and IsoLynx, LLC*

# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

| | |
|---|---|
| Lynx System Developers, Inc. and IsoLynx, LLC | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.    1:15-cv-12297 |
| Zebra Enterprise Solutions Corporation, Zebra Technologies Corporation and ZIH Corp. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     University of Tennessee, c/o General Counsel, 719 Andy Holt Tower, Knoxville, TN 37996-0170

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

     SEE SCHEDULE A

| Place: *Debbie West Reporting - Veritext affiliate, Excutive Suites, 9111 Cross Park Dr., Building D, Ste 200, Knoxville, TN 37923 | Date and Time:<br><br>06/19/2017 10:00 am |
|---|---|

    *or by Federal Express to Lee Sheikh Megley & Haan

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/05/2017

        _CLERK OF COURT_

                                   OR

| _____ | /s/Ashley E. LaValley |
|---|---|
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    Plaintiffs, Lynx System Developers, Inc. and IsoLynx, LLC    , who issues or requests this subpoena, are:

Ashley E. LaValley, Lee Sheikh Megley & Haan, 111 W. Jackson Blvd., Ste. 2230, Chicago, IL 60604; Ph: 312-982-0070

email: alavalley@leesheikh.com    **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.   1:15-cv-12297

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                              *Server's signature*

                                                   _____
                                                              *Printed name and title*

                                                   _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.  "You" and "your," as used herein, mean the University of Tennessee or any other persons (as defined herein) acting or purporting to act on its behalf, as well as any agent, employee, successor, predecessor, parent, subsidiary, investigator, attorney, accountant, representative or other person acting or purporting to act on its behalf.

2.  "Person" or "persons," as used herein, means any natural person, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, government, governmental subdivision or agency, or any other legal or commercial entity.

3.  "Document" and "documents," as used herein, have the same meaning prescribed in Federal Rule of Civil Procedure 34, and include, without limitation, the original (and every copy of any original which differs in any way from the original) of any written, recorded or graphic matter in any and all media however produced or reproduced, including, but not limited to, any book, pamphlet, periodical, letter, Communication (as defined herein), correspondence, telegram, electronic mail (e-mail), online chat log, text messages, hard drive, Internet website, tax return, memorandum, interoffice communication, working paper, record, study, paper, diary, drawings, specification, appointment books, calendar, work sheet, data processing card or tape, recordings, transcriptions thereof; and all other memorials of any conversations, meetings and conferences by telephone or otherwise; and any other

writing and/or recording, however produced or reproduced, including but not limited to handwriting, typewriting, printing, photo stating, photographing, magnetic impulse, mechanical or electrical recording or other form of data compilation, photographs, slides, x-rays, motion pictures, videotapes, audiotapes, records and disks, CD-ROM, computer data disk, and any tangible materials of any nature whatsoever.

4.    "Communication," as used herein, means every manner or means of disclosure, transfer, transmission, or exchange of information, whether orally, in writing, by telephone, voicemail, mail, email, instant message, computer, personal delivery, text message, electronic message, facsimile, or in any other manner.

5.    "Relate to," "relating to," or "in relation to" any given subject mean, without limitation, reflecting, identifying, evidencing, describing, discussing, referring to, concerning, constituting, regarding, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, involving, embodying, containing, mentioning, arising out of, in connection with, or having any logical or factual connection with the matter in question.

6.    "Massachusetts Action," as used herein, means *Lynx System Developers, Inc. and IsoLynx, LLC v. Zebra Enterprise Solutions Corporation, Zebra Technologies Corporation, and ZIH Corp.*, Civil Action No. 1:15-cv-12297, currently pending in the United States District Court for the District of Massachusetts.

7.     "Zebra," as used herein, means Defendants Zebra Enterprise Solutions Corporation, Zebra Technologies Corporation, and ZIH Corp., as well as any agent, employee, successor, predecessor, parent, subsidiary, investigator, attorney, accountant, representative or other person (as defined herein) acting or purporting to act on their behalf. "Zebra," as used herein, includes Multi-Spectral Solutions, Inc.

8.     "Lynx," as used herein, means Plaintiffs Lynx System Developers, Inc. and IsoLynx, LLC as well as any agent, employee, successor, predecessor, parent, subsidiary, investigator, attorney, accountant, representative or other person (as defined herein) acting or purporting to act on their behalf.

9.     "Zebra MotionWorks," as used herein, refers to Zebra's real-time player tracking system, including all associated components, portions, applications, intellectual properties, versions, updates, enhancements and modifications.

## INSTRUCTIONS

1.     These requests shall be deemed to include any and all relevant documents within your possession, custody, or control or that come into your possession, custody, or control after the date of these requests. Documents to be produced pursuant to these requests include all documents prepared or used at any time to the present, unless another time period is specifically stated within a request.

2.     Each request is independent, and should be read independently, of any other request, unless specifically noted, and each request is not meant to and does not limit or define any other request.

3

3.      "Any" and "all" shall both be construed to mean "any and all" or "each and every."

4.      "And" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

5.      Throughout these requests, the use of the plural is to be understood to include the singular, and vice versa.

6.      Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as were the originals, and the original labels or other file designations should be produced or copied.

7.      Documents shall be produced in full. If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reason that document is being withheld.

8.      Pursuant to and Federal Rule of Civil Procedure 26(b)(5) and Local Rule 34.1(e), for each request for which a document is withheld based on a claim of privilege, or for which a production is refused on any other basis, you must provide the following information as to each document in your response to this demand:

a. the place, date and manner of recordation or preparation of the document;

b. the type of document;

4

c. the name and title of the document's author(s);

d. the name and title of the document's sender;

e. the name and title of the document's recipient(s), including the names of those receiving copies;

f. the nature and basis of the privilege claimed and whether or not the subject matter of the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice; and

g. a brief description of the subject matter of the contents of the document.

9.    Pursuant to Federal Rule of Civil Procedure 26(g), if you represent an inability to comply with a particular demand for production, you shall affirm that a diligent search and a reasonable inquiry have been made in an effort to comply with the request. Your statement should specify the reason you cannot comply, and shall set forth the name and address of any person known or believed by you to have possession, custody, or control of the document or category of documents.

10.    If you object to only a part of a request, the remainder of the request remains valid and you should clarify that your document production will be limited by your objection, but that you are producing documents not impacted by your objection.

## REQUESTS FOR PRODUCTION

1.    All agreements between You and Zebra, including executed versions and drafts.

2.   All documents relating to the August 2015 Evaluation Agreement between You and Zebra.

3.   All communications between You and Zebra regarding any agreements relating to Zebra's player tracking systems and/or services.

4.   Documents sufficient to show the date of Your first communication with Zebra relating to player tracking systems and/or services.

5.   Documents sufficient to show the reasons why and the circumstances under which You entered into an agreement with Zebra relating to player tracking systems and/or services.

6.   Documents sufficient to show all individuals involved in Your decision to evaluate Zebra and player tracking systems and/or services of Zebra.

7.   Documents sufficient to show all individuals involved in Your decision to enter into any agreement with Zebra relating to player tracking systems and/or services.

8.   All studies, reports, valuations, and/or analyses of the benefits, advantages, disadvantages, and/or value of Zebra's player tracking systems and/or services from 2010 to the present.

9.   All communications between You and any Person relating to the benefits, advantages, disadvantages, and/or value of player tracking systems and/or services provided by Zebra.

10.  All requests for quotations and requests for proposals relating to player tracking technology from 2010 to the present.

6

11.   All responses to requests for quotations and requests for proposals relating to player tracking technology from 2010 to the present.

12.   Documents sufficient to show all consideration paid by You to Zebra, or paid by Zebra to You, relating to player tracking systems and/or services.

13.   Documents sufficient to show any projected consideration to be paid by You to Zebra relating to player tracking systems and services through 2020.

14.   All documents relating to Lynx and/or any player tracking systems and services of Lynx.

15.   All communications between You and Zebra relating to the Massachusetts Action.

16.   All internal communications relating to the Massachusetts Action.

17.   All communications between You and any Person relating to the Massachusetts Action.

18.   All communications between You and Zebra relating to Lynx and/or any player tracking systems and/or services of Lynx.

19.   All internal communications relating to Lynx and/or any player tracking systems and/or services of Lynx.

20.   All communications between You and any Person relating to Lynx and/or any player tracking systems and/or services of Lynx.

21.   Documents sufficient to show how You use any data collected through use of Zebra's player tracking system or services.

7

22.    Documents sufficient to show the revenue You generate with any data collected through use of Zebra's player tracking system or services.

23.    Documents sufficient to show the components, installation, testing, calibration, operation, and use of player tracking systems and/or services provided by Zebra to You.

24.    Documents sufficient to show the frequency of use of Zebra's player tracking systems and/or services, including without limitation the number of games and/or practices Zebra's player tracking systems and/or services were used by You.

25.    Documents sufficient to show any understandings and/or agreements between You and Zebra to indemnify, defend, and/or hold harmless with respect to claims relating to player tracking systems and services provided by Zebra to You.

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LYNX SYSTEM DEVELOPERS, INC. and ISOLYNX, LLC, | Civil Action No. 1:15-cv-12297 |
| Plaintiffs, | |
| v. | |
| ZEBRA ENTERPRISE SOLUTIONS CORPORATION, ZEBRA TECHNOLOGIES CORPORATION, and ZIH CORP., | |
| Defendants. | |

## PLAINTIFFS' NOTICE OF SUBPOENA TO
## NHL ENTERPRISES, INC. TO PRODUCE DOCUMENTS

**PLEASE TAKE NOTICE** that pursuant to Rules 26, 34, and 45 of the Federal

Rules of Civil Procedure, Plaintiffs Lynx System Developers, Inc. and IsoLynx, LLC,

will caused to be issued a subpoena for the production of documents by June 19, 2017

at the offices of Veritext New York, 1250 Broadway, Suite 2400, New York, NY 10001,

or at such other time and place as may be agreed by counsel.  Attachment A describes

the documents to be produced.

Respectfully submitted,

*/s/ Ashley E. LaValley*
David J. Sheikh (dsheikh@leesheikh.com)
 (*admitted pro hac vice*)
Christopher J. Lee (clee@leesheikh.com)
(*admitted pro hac vice*)
Richard B. Megley, Jr.
(rmegley@leesheikh.com)
(*admitted pro hac vice*)

Brian E. Haan (bhaan@leesheikh.com)
(*admitted pro hac vice*)
Joseph A. Culig (jculig@leesheikh.com)
(*admitted pro hac vice*)
Ashley E. LaValley
(alavalley@leesheikh.com)
(*admitted pro hac vice*)
LEE SHEIKH MEGLEY & HAAN
111 West Jackson Boulevard, Suite 2230
Chicago, Illinois 60604
Phone: 312.982.0070

William A. Scofield, Jr.  (BBO # 448940)
(wscofield@lathropgage.com)
LATHROP & GAGE LLP
28 State Street, Suite 700
Boston, Massachusetts 02109
Phone: 857.300.4000

*Counsel for Lynx System Developers, Inc.
and IsoLynx, LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 5, 2017 the foregoing

## PLAINTIFFS' NOTICE OF SUBPOENA TO
## NHL ENTERPRISES, INC. TO PRODUCE DOCUMENTS

was served via electronic mail on the following counsel of record:

Peter E. Gelhaar (peg@dcglaw.com)
Donnelly, Conroy & Gelhaar, LLP
260 Franklin Street, Suite 1600
Boston, MA 02110

Adam R. Alper (adam.alper@kirkland.com)
Kirkland & Ellis LLP
555 California Street, 27th Floor
San Francisco, CA 94104

Michael W. DeVries
(michael.devries@kirkland.com)
Sharre S. Lotfollahi
(sharre.lotfollahi@kirkland.com)
Kirkland & Ellis LLP
333 South Hope Street
Los Angeles, CA 90071

Eric Cheng
(eric.cheng@kirkland.com)
Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

Amanda Hollis
(amanda.hollis@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

*Attorneys for Defendants*
*Zebra Enterprise Solutions Corporation, Zebra Technologies Corporation, and ZIH Corp.*

*/s/ Ashley E. LaValley*
LEE SHEIKH MEGLEY & HAAN

*Counsel for Lynx System Developers, Inc.*
*and IsoLynx, LLC*

# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

| | |
|---|---|
| Lynx System Developers, Inc. and IsoLynx, LLC | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  1:15-cv-12297 |
| Zebra Enterprise Solutions Corporation, Zebra Technologies Corporation and ZIH Corp. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:　　NHL Enterprises, Inc., c/o General Counsel's Office, NHL Enterprises (Delaware), Inc., 1251 Avenue of the Americas, 47th Floor, New York, NY  10020-1198

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

　　　SEE SCHEDULE A

| Place: *Veritext New York, 1250 Broadway, Suite 2400, New York, NY  10001<br>*or by Federal Express to Lee Sheikh Megley & Haan | Date and Time:<br><br>06/19/2017 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

　　　The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:　　06/05/2017

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | /s/Ashley E. LaValley |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*　Plaintiffs, Lynx System Developers, Inc. and IsoLynx, LLC　, who issues or requests this subpoena, are:

Ashley E. LaValley, Lee Sheikh Megley & Haan, 111 W. Jackson Blvd., Ste. 2230, Chicago, IL 60604; Ph: 312-982-0070

email: alavalley@leesheikh.com　　**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  1:15-cv-12297

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.    "You" and "your" or "NHL" as used herein, mean the NHL Enterprises, Inc. or any other persons (as defined herein) acting or purporting to act on its behalf, as well as any agent, employee, successor, predecessor, parent, subsidiary, investigator, attorney, accountant, representative or other person acting or purporting to act on its behalf.

2.    "Person" or "persons," as used herein, means any natural person, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, government, governmental subdivision or agency, or any other legal or commercial entity.

3.    "Document" and "documents," as used herein, have the same meaning prescribed in Federal Rule of Civil Procedure 34, and include, without limitation, the original (and every copy of any original which differs in any way from the original) of any written, recorded or graphic matter in any and all media however produced or reproduced, including, but not limited to, any book, pamphlet, periodical, letter, Communication (as defined herein), correspondence, telegram, electronic mail (e-mail), online chat log, text messages, hard drive, Internet website, tax return, memorandum, interoffice communication, working paper, record, study, paper, diary, drawings, specification, appointment books, calendar, work sheet, data processing card or tape, recordings, transcriptions thereof; and all other memorials of any conversations, meetings and conferences by telephone or otherwise; and any other

writing and/or recording, however produced or reproduced, including but not limited to handwriting, typewriting, printing, photo stating, photographing, magnetic impulse, mechanical or electrical recording or other form of data compilation, photographs, slides, x-rays, motion pictures, videotapes, audiotapes, records and disks, CD-ROM, computer data disk, and any tangible materials of any nature whatsoever.

4.  "Communication," as used herein, means every manner or means of disclosure, transfer, transmission, or exchange of information, whether orally, in writing, by telephone, voicemail, mail, email, instant message, computer, personal delivery, text message, electronic message, facsimile, or in any other manner.

5.  "Relate to," "relating to," or "in relation to" any given subject mean, without limitation, reflecting, identifying, evidencing, describing, discussing, referring to, concerning, constituting, regarding, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, involving, embodying, containing, mentioning, arising out of, in connection with, or having any logical or factual connection with the matter in question.

6.  "Massachusetts Action," as used herein, means *Lynx System Developers, Inc. and IsoLynx, LLC v. Zebra Enterprise Solutions Corporation, Zebra Technologies Corporation, and ZIH Corp.*, Civil Action No. 1:15-cv-12297, currently pending in the United States District Court for the District of Massachusetts.

7. "Zebra," as used herein, means Defendants Zebra Enterprise Solutions Corporation, Zebra Technologies Corporation, and ZIH Corp., as well as any agent, employee, successor, predecessor, parent, subsidiary, investigator, attorney, accountant, representative or other person (as defined herein) acting or purporting to act on their behalf. "Zebra," as used herein, includes Multi-Spectral Solutions, Inc.

8. "Lynx," as used herein, means Plaintiffs Lynx System Developers, Inc. and IsoLynx, LLC as well as any agent, employee, successor, predecessor, parent, subsidiary, investigator, attorney, accountant, representative or other person (as defined herein) acting or purporting to act on their behalf.

9. "Zebra MotionWorks," as used herein, refers to Zebra's real-time player tracking system, including all associated components, portions, applications, intellectual properties, versions, updates, enhancements and modifications.

## INSTRUCTIONS

1. These requests shall be deemed to include any and all relevant documents within your possession, custody, or control or that come into your possession, custody, or control after the date of these requests. Documents to be produced pursuant to these requests include all documents prepared or used at any time to the present, unless another time period is specifically stated within a request.

2. Each request is independent, and should be read independently, of any other request, unless specifically noted, and each request is not meant to and does not limit or define any other request.

3

3.    "Any" and "all" shall both be construed to mean "any and all" or "each and every."

4.    "And" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

5.    Throughout these requests, the use of the plural is to be understood to include the singular, and vice versa.

6.    Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as were the originals, and the original labels or other file designations should be produced or copied.

7.    Documents shall be produced in full. If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reason that document is being withheld.

8.    Pursuant to and Federal Rule of Civil Procedure 26(b)(5) and Local Rule 34.1(e), for each request for which a document is withheld based on a claim of privilege, or for which a production is refused on any other basis, you must provide the following information as to each document in your response to this demand:

a. the place, date and manner of recordation or preparation of the document;

b. the type of document;

4

c. the name and title of the document's author(s);

d. the name and title of the document's sender;

e. the name and title of the document's recipient(s), including the names of those receiving copies;

f. the nature and basis of the privilege claimed and whether or not the subject matter of the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice; and

g. a brief description of the subject matter of the contents of the document.

9.     Pursuant to Federal Rule of Civil Procedure 26(g), if you represent an inability to comply with a particular demand for production, you shall affirm that a diligent search and a reasonable inquiry have been made in an effort to comply with the request. Your statement should specify the reason you cannot comply, and shall set forth the name and address of any person known or believed by you to have possession, custody, or control of the document or category of documents.

10.     If you object to only a part of a request, the remainder of the request remains valid and you should clarify that your document production will be limited by your objection, but that you are producing documents not impacted by your objection.

## REQUESTS FOR PRODUCTION

1.     All agreements between You and Zebra, including executed versions and drafts.

5

2.      All communications between You and Zebra regarding any agreements or contemplated agreements relating to Zebra's player tracking systems and/or services.

3.      Documents sufficient to show the date of Your first communication with Zebra relating to player tracking systems and/or services.

4.      Documents sufficient to show Your relationship or any contemplated relationship with Zebra relating to player tracking systems and/or services.

5.      Documents sufficient to show all individuals involved in Your relationship or any contemplated relationship with Zebra relating to player tracking systems and/or services.

6.      Documents sufficient to show all individuals with decision making authority relating to player tracking systems and/or services at the NHL.

7.      All studies, reports, valuations, and/or analyses of the benefits, advantages, disadvantages, and/or value of Zebra's player tracking systems and/or services from 2010 to the present.

8.      All communications between You and any Person relating to the benefits, advantages, disadvantages, and/or value of player tracking systems and/or services provided by Zebra.

9.      All requests for quotations and requests for proposals relating to player tracking technology from 2010 to the present.

6

10. All responses to requests for quotations and requests for proposals relating to player tracking technology from 2010 to the present.

11. Documents sufficient to show all consideration paid by You to Zebra, or paid by Zebra to You, relating to player tracking systems and/or services.

12. Documents sufficient to show any projected consideration to be paid by You to Zebra relating to player tracking systems and services through 2020.

13. All documents relating to Lynx and/or any player tracking systems and services of Lynx.

14. All communications between You and Zebra relating to the Massachusetts Action.

15. All internal documents relating to the Massachusetts Action including, without limitation, communications.

16. All communications between You and any Person relating to the Massachusetts Action.

17. All communications between You and Zebra relating to Lynx and/or any player tracking systems and/or services of Lynx.

18. All internal documents relating to Lynx and/or any player tracking systems and/or services of Lynx including, without limitation, communications.

19. All communications between You and any Person relating to Lynx and/or any player tracking systems and/or services of Lynx.

7

20. Documents sufficient to show the components, installation, testing, calibration, operation, and use of any player tracking systems and/or services provided by Zebra to You.

21. Documents sufficient to show the intended frequency of use of Zebra's player tracking systems and/or services, including without limitation the intended number of games and/or practices Zebra's player tracking systems and/or services are to be used by the NHL.

22. Documents sufficient to show any understandings and/or agreements between You and Zebra to indemnify, defend, and/or hold harmless with respect to claims relating to player tracking systems and services provided by Zebra to You.

23. Any documents relating to demonstrations and/or testing of Zebra's player tracking systems and/or services.

8

**From:** Cheng, Eric
**Sent:** Monday, June 12, 2017 1:59 PM
**To:** Ashley LaValley; David Sheikh
**Cc:** Peter Gelhaar; #Zebra Tech-Lynx Team; LynxZebraServiceList
**Subject:** Lynx and IsoLynx v. Zebra et al. - subpoenas

Ashley and Dave,

Last week, we received your courtesy copies of plaintiffs' document subpoenas to the University of Tennessee, University of Washington, Ohio State University, and NHL Enterprises, as well as plaintiffs' deposition subpoena to Mr. William Bulzoni. We are concerned that plaintiffs' subpoenas to these third parties may implicate Zebra's confidential technical information prior to the resolution of the parties' dispute regarding the sufficiency of plaintiffs' disclosure of alleged trade secrets. Please let us know your availability to meet and confer regarding these subpoenas today.

Regards,
Eric

**Eric Cheng**
_____

**KIRKLAND & ELLIS LLP**
3330 Hillview Avenue, Palo Alto, CA 94304
555 California Street, San Francisco, CA 94104
**T** +1 650 859 7046  **F** +1 650 859 7500
_____

eric.cheng@kirkland.com
www.kirkland.com/echeng

| From: | Cheng, Eric |
| --- | --- |
| Sent: | Thursday, June 15, 2017 2:10 PM |
| To: | Ashley LaValley |
| Cc: | Peter Gelhaar; #Zebra Tech-Lynx Team; LynxZebraServiceList; Scofield, Jr., William A. (LG); David Sheikh |
| Subject: | RE: Lynx and IsoLynx v. Zebra et al. - subpoenas |

Ashley,

Thank you for meeting and conferring with us today about the subpoenas recently served by Plaintiffs. We trust that the parties will continue to work cooperatively to address each sides' concerns regarding this discovery.

During our call, we discussed the following process for the document subpoenas: (1) Zebra will work with each third party to receive a compilation of the third party's responsive documents; (2) Zebra will review the proposed production and identify any documents that contain Zebra's confidential technical information to be withheld until resolution of the parties' dispute regarding Plaintiffs' identification of trade secrets, and Zebra will provide a generalized description of such documents to Plaintiffs; (3) to the extent necessary, the parties will meet and confer regarding any dispute over the documents identified as containing Zebra's confidential technical information; (4) Plaintiffs will work with the third parties to facilitate the production of documents that do not contain Zebra's confidential technical information prior to the resolution of the parties' dispute regarding Plaintiffs' identification of trade secrets.

Thanks for agreeing to let us know whether Plaintiffs are in agreement with this process by tomorrow (Friday). We also appreciate you confirming during our call that (1) any extension to respond to the subpoenas granted by Plaintiffs to the third parties would also extend to Zebra, to the extent any motions or papers by Zebra will be necessary (so far, we understand that Ohio State University and the University of Tennessee received 30-day extensions to July 19); and (2) Plaintiffs will let us know whether you are amenable to postponing the deposition of William Bulzoni until the parties' dispute regarding the identification of Plaintiffs' alleged trade secrets is resolved.

Regards,
Eric

**Eric Cheng**

**KIRKLAND & ELLIS LLP**
3330 Hillview Avenue, Palo Alto, CA 94304
555 California Street, San Francisco, CA 94104
**T** +1 650 859 7046  **F** +1 650 859 7500

eric.cheng@kirkland.com
www.kirkland.com/echeng

---

**From:** Cheng, Eric
**Sent:** Thursday, June 15, 2017 9:55 AM
**To:** Ashley LaValley <alavalley@leesheikh.com>
**Cc:** Peter Gelhaar <peg@dcglaw.com>; #Zebra Tech-Lynx Team <Zebra_Tech-Lynx_Team@kirkland.com>; LynxZebraServiceList <LynxZebraServiceList@leesheikh.com>; Scofield, Jr., William A. (LG) <wscofield@lathropgage.com>; David Sheikh <dsheikh@leesheikh.com>
**Subject:** RE: Lynx and IsoLynx v. Zebra et al. - subpoenas

Ashley,

Exhibit 6, Page 61 of 75

We'll call you at 10 am PT / 12 pm CT.  We look forward to meeting and conferring with you about the issues we've raised and your correspondence below -- we hope that the parties will be able to work cooperatively to resolve this.

Regards,
Eric

**Eric Cheng**
_____

**KIRKLAND & ELLIS LLP**
3330 Hillview Avenue, Palo Alto, CA 94304
555 California Street, San Francisco, CA 94104
**T** +1 650 859 7046  **F** +1 650 859 7500
_____

eric.cheng@kirkland.com
www.kirkland.com/echeng

**From:** Ashley LaValley [mailto:alavalley@leesheikh.com]
**Sent:** Thursday, June 15, 2017 8:55 AM
**To:** Cheng, Eric <eric.cheng@kirkland.com>
**Cc:** Peter Gelhaar <peg@dcglaw.com>; #Zebra Tech-Lynx Team <Zebra_Tech-Lynx_Team@kirkland.com>; LynxZebraServiceList <LynxZebraServiceList@leesheikh.com>; Scofield, Jr., William A. (LG) <wscofield@lathropgage.com>; David Sheikh <dsheikh@leesheikh.com>
**Subject:** Re: Lynx and IsoLynx v. Zebra et al. - subpoenas

Eric,

In my prior email, I requested that you itemize any "confidential technical" documents that Zebra believes are in the possession of the subpoenaed parties prior to our meet and confer.  However, in your email below, you again only vaguely reference "documents that *may* contain Zebra's confidential technical information."  In order to have a meaningful meet and confer, as Zebra has requested, we assume you will be prepared to discuss the specific documents that cause you concern.

Moreover, we disagree with your suggestion that Plaintiffs did not timely comply with Zebra's request for a meet and confer.  Zebra waited over a week after receiving the subpoenas to request a discovery conference and, late on Monday afternoon, demanded a meet and confer that same day. I immediately responded with our availability, which was well within the time allowed by Rules 37.1(a) and (b).  We further disagree with your characterization of Plaintiffs' position regarding technical discovery and Defendants' unilaterally imposed stay.

We remain willing to meet and confer regarding Plaintiffs' subpoenas.  I am available at 10 am PT/12 pm CT.  You can reach me at my direct dial below.

Regards,
Ashley

**Ashley E. LaValley**
LEE SHEIKH MEGLEY & HAAN
111 West Jackson Boulevard, Suite 2230
Chicago, Illinois 60604
Main: (312) 982-0070 | Direct: (312) 982-0068
alavalley@leesheikh.com | www.leesheikh.com

THE INFORMATION IN THIS EMAIL COMMUNICATION IS INTENDED SOLELY FOR THE INTENDED AND DESIGNATED RECIPIENT. THIS MESSAGE MAY CONSTITUTE AN ATTORNEY-CLIENT COMMUNICATION OR MAY OTHERWISE BE PRIVILEGED AND CONFIDENTIAL. If the reader of this message is not the intended recipient or an agent responsible for delivering this message to an intended recipient, you received this document in error. Any review, dissemination, distribution, copying or other use of this document is strictly prohibited.  If you receive this communication in error, please notify us immediately by telephone and return the original document to us by mail.

**From:** "Cheng, Eric" <eric.cheng@kirkland.com>
**Date:** Thursday, June 15, 2017 at 12:18 AM
**To:** Ashley LaValley <alavalley@leesheikh.com>
**Cc:** Peter Gelhaar <peg@dcglaw.com>, #Zebra Tech-Lynx Team <Zebra_Tech-Lynx_Team@kirkland.com>,
LynxZebraServiceList <LynxZebraServiceList@leesheikh.com>, "Scofield, Jr., William A. (LG)"
<wscofield@lathropgage.com>, David Sheikh <dsheikh@leesheikh.com>
**Subject:** RE: Lynx and IsoLynx v. Zebra et al. - subpoenas

Ashley,

We reiterate our request to meet and confer about Plaintiffs' subpoenas as soon as possible and hope that the parties can resolve these issues without court intervention. Because the earliest you have provided your availability is Thursday, please let us know if you remain available at 10 am PT / 12 pm PT.

As you know, Plaintiffs issued subpoenas to five non-parties last week, four of which demanded the production of documents on June 19. Each of these document subpoenas contains over 20 broad document requests. Critically, many of Plaintiffs' requests seek documents that may contain Zebra's confidential technical information, which Plaintiffs have repeatedly represented to Zebra and the Court that Plaintiffs would not seek pending resolution of the dispute surrounding Plaintiffs' identification of alleged trade secrets. *See, e.g.*, 9/13/16 Email from A. LaValley to E. Cheng (citing "[t]he current stay on technical discovery" as the basis for declining to conduct email discovery); 10/7/16 Email from B. Haan to E. Cheng (acknowledging stay on technical discovery); Dkt. No. 133 (Mem. ISO Pls. Mot. To Compel the Production of Valuations and Resps. to Interrog. Nos. 2 and 4) at 4-5 (acknowledging stay of technical discovery pending resolution of dispute surrounding sufficiency of Plaintiffs' trade secret disclosure).

By way of example, Plaintiffs seek documents regarding the "components, installation, testing, calibration, operation, and use of any player tracking systems and/or services provided by Zebra," including "demonstrations and/or testing" of the same. *See, e.g.*, Pls. Notice of Subpoena to NHL Enterprises, Inc. to Produce Documents at 8; *see also, e.g.*, NHL Subpoena RFP Nos. 7, 8, 10, 20, 23; Ohio State Univ. Subpoena RFP Nos. 8, 9, 11, 21, 23; Univ. of Washington Subpoena RFP Nos. 8, 9, 11, 21, 23; Univ. of Tennessee Subpoena RFP Nos. 8, 9, 11, 21, 23. Plaintiffs may not seek discovery of Zebra's confidential technical information before identifying their alleged secrets with reasonable particularity. *See, e.g.*, Cal. Code Civ. P. § 2019.210; *Alnylam Pharms., Inc. v. Dicerna Pharms., Inc.*, No. MICV20154126, 2016 WL 4063565, *2 (Super. Ct. Mass. Apr. 6, 2016).

Given the short response time and concerns raised by Plaintiffs' subpoenas, we requested to meet and confer on Monday -- a week prior to Plaintiffs' requested compliance date -- in the hopes that the parties could address these concerns in a timely and mutually-agreeable manner. Since then, we have become even more concerned that Plaintiffs issued these subpoenas to achieve an end-run around their prior representations to both the Court and Zebra regarding discovery.

We remain hopeful that Plaintiffs will meaningfully engage on this issue with us in a timely manner. In addition to the above, Zebra reserves its right to raise additional issues with Plaintiffs' subpoenas, including to the extent Plaintiffs continue to seek discovery of Zebra's confidential technical information.

Regards,
Eric

**Eric Cheng**

**KIRKLAND & ELLIS LLP**

3330 Hillview Avenue, Palo Alto, CA 94304
555 California Street, San Francisco, CA 94104
**T** +1 650 859 7046  **F** +1 650 859 7500

eric.cheng@kirkland.com
www.kirkland.com/echeng

**From:** Ashley LaValley [mailto:alavalley@leesheikh.com]
**Sent:** Wednesday, June 14, 2017 1:30 PM
**To:** Cheng, Eric <eric.cheng@kirkland.com>
**Cc:** Peter Gelhaar <peg@dcglaw.com>; #Zebra Tech-Lynx Team <Zebra_Tech-Lynx_Team@kirkland.com>;
LynxZebraServiceList <LynxZebraServiceList@leesheikh.com>; Scofield, Jr., William A. (LG)
<wscofield@lathropgage.com>; David Sheikh <dsheikh@leesheikh.com>
**Subject:** Re: Lynx and IsoLynx v. Zebra et al. - subpoenas

Eric,

As I previously mentioned, I am unavailable today but generally available tomorrow.  Also, we're confused by the
sudden urgency of your request and what "potentially upcoming deadlines" you are concerned with.  As you know, we
served notices of the document subpoenas the morning of June 5th, over a week before we received your request for a
meet and confer.  Further, Mr. Bulzoni's deposition is not noticed until July 11. In any event, your requested meet and
confer would be more productive if you specified your concerns regarding the third party subpoenas prior to our
discussion.  You reference "Zebra's confidential technical information." Please identify in writing the specific requests
Zebra is concerned about and itemize any responsive "confidential technical" documents that Zebra believes are in the
possession of the subpoenaed parties.

Regards,
Ashley

**Ashley E. LaValley**
LEE SHEIKH MEGLEY & HAAN
111 West Jackson Boulevard, Suite 2230
Chicago, Illinois 60604
Main: (312) 982-0070 | Direct: (312) 982-0068
alavalley@leesheikh.com | www.leesheikh.com

THE INFORMATION IN THIS EMAIL COMMUNICATION IS INTENDED SOLELY FOR THE INTENDED AND DESIGNATED RECIPIENT. THIS MESSAGE MAY
CONSTITUTE AN ATTORNEY-CLIENT COMMUNICATION OR MAY OTHERWISE BE PRIVILEGED AND CONFIDENTIAL. If the reader of this message is not
the intended recipient or an agent responsible for delivering this message to an intended recipient, you received this document in error. Any
review, dissemination, distribution, copying or other use of this document is strictly prohibited.  If you receive this communication in error, please
notify us immediately by telephone and return the original document to us by mail.

**From:** "Cheng, Eric" <eric.cheng@kirkland.com>
**Date:** Tuesday, June 13, 2017 at 8:16 PM
**To:** Ashley LaValley <alavalley@leesheikh.com>, David Sheikh <dsheikh@leesheikh.com>
**Cc:** Peter Gelhaar <peg@dcglaw.com>, #Zebra Tech-Lynx Team <Zebra_Tech-Lynx_Team@kirkland.com>,
LynxZebraServiceList <LynxZebraServiceList@leesheikh.com>, "Scofield, Jr., William A. (LG)"
<wscofield@lathropgage.com>
**Subject:** RE: Lynx and IsoLynx v. Zebra et al. - subpoenas

Ashley,

We haven't heard back from you about our request to meet and confer today, and we continue to be concerned that
plaintiffs' subpoenas to these third parties may implicate Zebra's confidential technical information prior to the

resolution of the parties' dispute regarding the sufficiency of plaintiffs' disclosure of alleged trade secrets. Given that we've reached the end of the day today, would you please let us your availability tomorrow (Wednesday) to meet and confer in light of the potentially upcoming deadlines?

Regards,
Eric

**Eric Cheng**

KIRKLAND & ELLIS LLP
3330 Hillview Avenue, Palo Alto, CA 94304
555 California Street, San Francisco, CA 94104
**T** +1 650 859 7046  **F** +1 650 859 7500

eric.cheng@kirkland.com
www.kirkland.com/echeng

---

**From:** Cheng, Eric
**Sent:** Monday, June 12, 2017 4:16 PM
**To:** Ashley LaValley <alavalley@leesheikh.com>; David Sheikh <dsheikh@leesheikh.com>
**Cc:** Peter Gelhaar <peg@dcglaw.com>; #Zebra Tech-Lynx Team <Zebra_Tech-Lynx_Team@kirkland.com>; LynxZebraServiceList <LynxZebraServiceList@leesheikh.com>; Scofield, Jr., William A. (LG) <wscofield@lathropgage.com>
**Subject:** RE: Lynx and IsoLynx v. Zebra et al. - subpoenas

Ashley,

Thank you for letting us know. We would like to please discuss with you sooner than the end of this week in light of potentially upcoming deadlines. Would you please let us know your availability tomorrow (Tuesday) if at all possible?

Regards,
Eric

**Eric Cheng**

KIRKLAND & ELLIS LLP
3330 Hillview Avenue, Palo Alto, CA 94304
555 California Street, San Francisco, CA 94104
**T** +1 650 859 7046  **F** +1 650 859 7500

eric.cheng@kirkland.com
www.kirkland.com/echeng

---

**From:** Ashley LaValley [mailto:alavalley@leesheikh.com]
**Sent:** Monday, June 12, 2017 4:07 PM
**To:** Cheng, Eric <eric.cheng@kirkland.com>; David Sheikh <dsheikh@leesheikh.com>
**Cc:** Peter Gelhaar <peg@dcglaw.com>; #Zebra Tech-Lynx Team <Zebra_Tech-Lynx_Team@kirkland.com>; LynxZebraServiceList <LynxZebraServiceList@leesheikh.com>; Scofield, Jr., William A. (LG) <wscofield@lathropgage.com>
**Subject:** Re: Lynx and IsoLynx v. Zebra et al. - subpoenas

Eric,

Dave is out of the office this week, but I am generally available for a call Thursday or Friday. If either day works on your end, please propose a time.

Regards,
Ashley

**Ashley E. LaValley**
LEE SHEIKH MEGLEY & HAAN
111 West Jackson Boulevard, Suite 2230
Chicago, Illinois 60604
Main: (312) 982-0070 | Direct: (312) 982-0068
alavalley@leesheikh.com | www.leesheikh.com

THE INFORMATION IN THIS EMAIL COMMUNICATION IS INTENDED SOLELY FOR THE INTENDED AND DESIGNATED RECIPIENT. THIS MESSAGE MAY CONSTITUTE AN ATTORNEY-CLIENT COMMUNICATION OR MAY OTHERWISE BE PRIVILEGED AND CONFIDENTIAL. If the reader of this message is not the intended recipient or an agent responsible for delivering this message to an intended recipient, you received this document in error. Any review, dissemination, distribution, copying or other use of this document is strictly prohibited.  If you receive this communication in error, please notify us immediately by telephone and return the original document to us by mail.

**From:** "Cheng, Eric" <eric.cheng@kirkland.com>
**Date:** Monday, June 12, 2017 at 3:59 PM
**To:** Ashley LaValley <alavalley@leesheikh.com>, David Sheikh <dsheikh@leesheikh.com>
**Cc:** Peter Gelhaar <peg@dcglaw.com>, #Zebra Tech-Lynx Team <Zebra_Tech-Lynx_Team@kirkland.com>, LynxZebraServiceList <LynxZebraServiceList@leesheikh.com>
**Subject:** Lynx and IsoLynx v. Zebra et al. - subpoenas

Ashley and Dave,

Last week, we received your courtesy copies of plaintiffs' document subpoenas to the University of Tennessee, University of Washington, Ohio State University, and NHL Enterprises, as well as plaintiffs' deposition subpoena to Mr. William Bulzoni.  We are concerned that plaintiffs' subpoenas to these third parties may implicate Zebra's confidential technical information prior to the resolution of the parties' dispute regarding the sufficiency of plaintiffs' disclosure of alleged trade secrets.  Please let us know your availability to meet and confer regarding these subpoenas today.

Regards,
Eric

**Eric Cheng**

KIRKLAND & ELLIS LLP
3330 Hillview Avenue, Palo Alto, CA 94304
555 California Street, San Francisco, CA 94104
**T** +1 650 859 7046  **F** +1 650 859 7500

eric.cheng@kirkland.com
www.kirkland.com/echeng

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

Exhibit 6, Page 67 of 75

# LEE SHEIKH MEGLEY & HAAN

111 West Jackson Boulevard, Suite 2230
Chicago, Illinois 60604

(312) 982-0070
_____
www.leesheikh.com

Ashley E. LaValley
Direct Dial:  (312) 982-0068                                                    alavalley@leesheikh.com

July 18, 2017

**Email: eric.cheng@kirkland.com**
Eric Cheng
Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

      Re:     *Lynx Sys. Developers, Inc., et al. v. Zebra Enter. Sols. Corp., et al.*
              Case No. 1:15-cv-12297-GAO (D. Mass)

      I am writing in response to your July 14, 2017 letter and to address your continued interference with Lynx's third-party subpoenas.

      In your letters to us and third parties, you have continuously misrepresented the procedural posture of this case.  The Court *has not* ruled or even suggested that Lynx is not entitled to Zebra's "confidential technical information," whether from Zebra or from third parties. And, contrary to your contention, Lynx is not obligated to wait until the Court gives Lynx "permission to review Zebra confidential technical information." Rather, Lynx is entitled to the broad scope of discovery provided by the Federal Rules of Civil Procedure until and unless the Court rules otherwise.  Indeed, in denying Zebra's Motion to Dismiss, the Court expressly stated that "[t]his case should move forward to discovery." (Dkt. No. 70, at 3).

      Despite that directive, Zebra has improperly interfered with third-party discovery in this case. Zebra instructed the subpoenaed parties to not comply with Lynx's subpoenas without any legitimate basis for doing so.  *See* 7/14/17 Email to University of Tennessee (identifying a document that "cannot be produced at this time"); 7/6/17 Email to University of Washington ("those that contain Zebra's confidential technical information [] cannot be produced at this time to Plaintiffs" (emphasis in the original)); 7/6/17 Email to Ohio State University ("those that contain Zebra's confidential technical information [] cannot be produced at this time to Plaintiffs" (emphasis in the original)).

Zebra's actions completely disregard Rule 45 and the proper mechanism for limiting or otherwise quashing a subpoena. Zebra's actions are even more astonishing because Lynx expressly stated that it does not agree with Zebra's proposal to limit the subpoenas. 6/23/17 Email from A. LaValley to E. Cheng ("[W]e don't believe it would be appropriate for Plaintiffs to agree to allow Zebra to interfere in third party discovery."). We reserve all rights to seek appropriate relief for Zebra's unlawful interference with Lynx's third- party subpoenas. *See Price v. Trans Union L.L.C.,* 847 F. Supp. 2d 788, 794-96 (E.D. Penn. 2012); *Robbins & Myers, Inc. v. J.M. Huber Corp.,* 2011 U.S. Dist. LEXIS 85195, at *6-7 (W.D.N.Y. Aug. 3, 2011); *Teri v. Oxford Mgmt. Servs.,* 2008 U.S. Dist. LEXIS 117446, at *24-25 (E.D.N.Y. Sept. 30, 2008).

It is also unequivocally false that Lynx has *agreed* that it is not presently entitled to technical discovery from Zebra or any third parties. From the outset of this case, Lynx has disputed that it must further specify its trade secrets before seeking full discovery. *See, e.g.,* Dkt. No. 80, at 7 ("The Federal Rules do not support the sequenced discovery Defendants propose, but instead, provide that 'methods of discovery may be used in any sequence,' and 'discovery by one party does not require any other party to delay its discovery.'"); Dkt. No. 130 (Mem. ISO Pls.' Mot. to Compel); 6/15/17 Email from A. LaValley to E. Cheng ("We further disagree with your characterization of Plaintiffs' position regarding technical discovery and Defendants' unilaterally imposed stay.").

Moreover, Lynx never agreed or "confirmed" to the Court that Lynx "would only seek non-technical discovery while the issue was pending." Zebra has taken the cited statements out of context. The two statements you crop-quoted from the briefing on Plaintiffs' second motion to compel respond to Zebra's position that it is not required to produce financial valuations until the pending motions regarding the trade secret identification dispute are resolved. Dkt. No. 133 at 5 ("Defendants should not be allowed to unilaterally dictate the scope and content of discovery. Consistent with Defendants' May 31, 2016 representation to the Court, *at the very least,* Plaintiffs are entitled to non-technical discovery."); Dkt. No. 143 at 1 "(That qualification goes to a key issue presented in Plaintiffs' Motion, namely, that Defendants have improperly relied on and are continuing to rely on the pendency of the trade secret identification dispute to refuse to produce information that is clearly not technical."). Lynx never represented that it agrees with Zebra's position regarding Lynx's identification of trade secrets or Zebra's refusal to engage in discovery. If anything, the statements only show that Lynx has decided to prioritize non-technical discovery *from Zebra* until the Court orders *Zebra* to engage in full discovery. Lynx certainly did not agree that it would not pursue technical discovery from third parties.

Also contrary to your assertions, Lynx never "confirmed" in correspondence with Zebra that technical discovery from third parties was stayed. Rather, in my February 10, 2017 letter, I stated that Zebra's insistence on receiving Lynx's technical information is inconsistent with Zebra's positions:

> Further, Defendants have taken the position that technical discovery in this case should be stayed until the Court affirmatively rules that Plaintiffs' trade secret disclosure is adequate, *a position that Plaintiffs continue to oppose as detailed in Plaintiffs' briefing on the cross-motions to compel*. Unless Defendants will withdraw their Motion and agree to produce and provide their technical information

and documents, we think it is inappropriate for Defendants to seek Plaintiffs' confidential *technical* information. ***Our position is consistent with Mr. Alper's representations to the Court during the Scheduling Conference.***

2/10/17 Ltr. from A. LaValley to E. Cheng (emphasis added). Regardless, as you know, Lynx has already produced technical documents in this case. Further, none of the statements you cite in your letter refer to third party discovery. In fact, even Zebra itself has not taken the position that third party discovery should be stayed or limited in scope, as demonstrated by the broad subpoena it served on Sportvision.

In short, your allegations of prejudice to Zebra are unjustified. As I explained in correspondence to the University of Tennessee and you last Friday, we have maintained all documents on a Highly Confidential- Outside Attorneys' Eyes Only basis since receiving them, so your concerns regarding confidentiality are not warranted. Also, the University of Tennessee's counsel confirmed that all of these documents are publicly available. (*See* July 17, 2017 Email from M. Fitzgerald). Indeed, that the University's production is entirely comprised of publicly available documents only shows that Zebra is withholding documents that do not include Zebra's "confidential, technical information" and should have been produced long ago.

Best regards,

*/s/ Ashley E. LaValley*

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
Eric Cheng (SBN 274118)
eric.cheng@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Tel: (415) 439-1400
Fax: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
Sharre Lotfollahi (SBN 258913)
sharre.lotfollahi@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Tel: (213) 680-8400
Fax: (213) 680-8500

Attorneys for Plaintiffs
ZEBRA ENTERPRISE SOLUTIONS CORPORATION, ZEBRA TECHNOLOGIES
CORPORATION, and ZIH CORP.

Martin L. Fineman
martinfineman@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Tel: (415) 276-6575
Fax: (415) 276-6599

Additional Counsel for Defendants Listed on Signature Page

Attorneys for Defendants
LYNX SYSTEM DEVELOPERS, INC. and ISOLYNX, LLC

E-FILED
6/23/2017
Clerk of Court
Superior Court of CA,
County of Santa Clara
2015-1-CV-284620
Reviewed By:C. Pinacate

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| ZEBRA ENTERPRISE SOLUTIONS CORPORATION, ZEBRA TECHNOLOGIES CORPORATION, and ZIH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> LYNX SYSTEM DEVELOPERS, INC. AND ISOLYNX, LLC, <br><br> Defendants. | Case No. 1-15-CV-284620 <br><br> **SIXTH JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Date: July 7, 2017 <br> Time: 10:00 a.m. <br> Dept.: 5 <br><br> Before The Honorable Thomas E. Kuhnle <br><br> Complaint Filed: August 20, 2015 <br> Trial Date: Not Set |

SIXTH JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Pursuant to the Court's Notice of Rescheduled Case Management Conference dated March 10, 2017, the parties to the above-captioned matter respectfully submit this Sixth Joint Case Management Conference Statement ("Joint Statement") in advance of the July 7, 2017 Case Management Conference. Because the above-captioned matter is currently stayed in this Court, the parties' Joint Statement focuses on developments in the related matter currently pending before the Honorable George O'Toole, *Lynx System Developers, Inc. et al. v. Zebra Enterprise Solutions Corp. et al.*, No. 1:15-cv-12297-GAO (D. Mass.) (the "Massachusetts Action").

1. **Background of this Case**

In the Massachusetts Action, Lynx System Developers, Inc. and IsoLynx, LLC (collectively, "Lynx") have sued Zebra Enterprise Solutions Corp., Zebra Technologies Corp., and ZIH Corp. (collectively, "Zebra") alleging 12 causes of action, including state law claims such as trade secret misappropriation and breach of contract. The Complaint in the Massachusetts Action was filed on June 10, 2015. On August 20, 2015, Zebra moved to dismiss Lynx's state law claims in part based on a lack of supplemental jurisdiction under 28 U.S.C. Section 1367(a). Lynx's state law claims are the subject of the above-captioned matter, a declaratory relief action brought by Zebra against Lynx on August 20, 2015, in connection with Zebra's motion to dismiss in the Massachusetts Action and in view of Zebra's position that jurisdiction and venue for Lynx's state law claims are proper in this Court.[1]

On February 18, 2016, Lynx moved for leave to file a First Amended Complaint ("FAC") that included allegations regarding diversity of citizenship that were absent from Lynx's original complaint. On March 23, 2016, the Massachusetts Court denied Zebra's motion to dismiss and granted Lynx's motion for leave to file the FAC. (*See* Massachusetts Action Dkt. No. 70.) Lynx moved for a stay of this case pending resolution of the Massachusetts Action on March 30, 2016. On April 11, 2016, the Court granted Lynx's motion, ordered a stay of the case pending resolution of the Massachusetts Action, and scheduled the case for Case Management Conferences for tracking purposes.

---

[1] Lynx is the plaintiff in the Massachusetts Action. Lynx is the defendant in this action, in which Zebra seeks declaratory relief relating to Lynx's state law claims in the Massachusetts Action.

## 2.    Status of the Massachusetts Action

Discovery is progressing in the Massachusetts Action.  To date, Lynx has propounded two sets of requests for production and Zebra has propounded one set of requests for production.  The parties have each produced sets of documents pursuant to the requests on a rolling basis.  Lynx has served subpoenas on third parties NFL Enterprises LLC, Alston & Bird LLP, NHL Enterprises, Inc. ("NHL"), Ohio State University ("OSU"), University of Tennessee ("UT"), University of Washington ("UW"), and former Zebra employee Mr. William Bulzoni.[2]  Zebra served a subpoena on third party Sportvision, Inc.  In addition, Lynx and Zebra have each propounded an initial set of interrogatories.  Zebra's interrogatories to Lynx included a request that Lynx identify its alleged trade secrets with particularity, including under California Code of Civil Procedure Section 2019.210.

The parties currently dispute the sufficiency of Lynx's trade secret disclosure.  Lynx contends that its trade secret disclosure is sufficient because it provided an itemized list of 198 trade secrets based on the information presently available to it.  Zebra contends that Lynx's trade secret disclosure is insufficient because it does not identify, for example, processes, algorithms, and other technical details with sufficient particularity for Lynx's alleged trade secrets to be distinguished from what was generally known.  Each party presented *ex parte* technical tutorials to the Massachusetts Court to provide necessary context and background information regarding technology at issue so that it could make a determination regarding the particularity of Lynx's trade secret disclosure and Zebra's obligation to provide technical discovery.  (Massachusetts Action Dkt. No. 93.)  In September 2016, both Lynx and Zebra filed motions to compel in the Massachusetts Court concerning the sufficiency of Lynx's trade secret disclosure and Zebra's obligation to provide confidential technical discovery in light of the trade secret disclosure dispute.  (Massachusetts Action Dkt. Nos. 103 & 110.)  The motions to compel are fully briefed and oral argument was heard by the Massachusetts Court on December 7, 2016.  (Massachusetts Action Dkt. No. 131.)  The Massachusetts Court has not ruled on these motions.

---

[2] Lynx served subpoenas to the NHL, OSU, UT, UW, and Mr. Bulzoni in June 2017.  Lynx seeks documents from the NHL, OSU, UT, UW and deposition testimony from Mr. Bulzoni.  The parties are currently meeting and conferring regarding these subpoenas and are attempting to work cooperatively to resolve issues regarding the same, including with respect to Zebra's contention that the subpoenas seek Zebra's confidential technical information in light of the dispute concerning the sufficiency of Lynx's trade secret disclosure.

1    Lynx filed an additional motion to compel regarding certain documents and interrogatory

2  responses in the Massachusetts Court in February 2017, and Zebra opposed the motion as moot in

3  March 2017.  Lynx subsequently filed a reply brief and an additional notice in support of its motion.

4  Zebra filed an assented-to motion for leave to file a surreply, which is currently pending before the

5  Massachusetts Court.

6  //

7  //

8  //

9  //

10 //

11 //

12 //

13 //

14 //

15 //

16 //

17 //

18 //

19 //

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

**SIXTH JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

DATED:  June 22, 2017

Respectfully submitted,

**KIRKLAND & ELLIS LLP**

_/s/ Eric Cheng_
Adam R. Alper
Michael W. De Vries
Sharre Lotfollahi
Eric Cheng

_Attorneys for Plaintiffs_
ZEBRA ENTERPRISE SOLUTIONS
CORPORATION, ZEBRA TECHNOLOGIES
CORPORATION, and ZIH CORP.

DATED:  June 22, 2017

**LEE SHEIKH MEGLEY & HAAN**

_/s/ Ashley E. LaValley_
DAVID J. SHEIKH _(pro hac vice)_
(dsheikh@leesheikh.com)
CHRISTOPHER J. LEE _(pro hac vice)_
(clee@leesheikh.com)
RICHARD B. MEGLEY _(pro hac vice)_
(rmegley@leesheikh.com)
BRIAN E. HAAN _(pro hac vice)_
(bhaan@leesheikh.com)
JOSEPH A. CULIG _(pro hac vice)_
(jculig@leesheikh.com)
ASHLEY E. LAVALLEY _(pro hac vice)_
(alavalley@leesheikh.com)
1 N. Franklin Street, Suite 3340
Chicago, Illinois 60606
Telephone:    (312) 982-0070
Facsimile:    (312) 982-0071

**DAVIS WRIGHT TREMAINE LLP**
Martin L. Fineman

_Attorneys for Defendants_
LYNX SYSTEM DEVELOPERS, INC. and
ISOLYNX, LLC